USDC SCAN INDEX SHEET

















KSR   3/20/06   16:19

3:06-CV-00591   LOSER V. MII LIQUIDATION INC

*1*

*WDREFRNC.*

1  WILLIAM M. LOW, ESQ. (Bar No. 106669)
   CYRUS L. TORABI, ESQ. (Bar No. 222759)
2  HIGGS, FLETCHER & MACK LLP
   401 West 'A' Street, Suite 2600
3  San Diego, CA 92101-7913
   TEL:  619.236.1551
4  FAX:  619.696.1410

5  Attorneys for Defendant
   MII LIQUIDATION, INC. fka METABOLIFE
6  INTERNATIONAL, INC.

Original
FILED

2006 MAR 17  PH 1:42

CLERK US (I:...: ..; :..;.
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

7

8              UNITED STATES DISTRICT COURT

9

10           SOUTHERN DISTRICT OF CALIFORNIA

11  OTTO LOSER and NINA LOSER,          CASE NO. '06 CV 0591 BTM   JMA

12                      Plaintiffs,     NOTICE OF TRANSFER TO UNITED
                                        STATES DISTRICT COURT FOR THE
13  v.                                  SOUTHERN DISTRICT OF CALIFORNIA

14  MII LIQUIDATION, INC. fka           [28 U.S.C. § 157(b)(5)]
    METABOLIFE INTERNATIONAL, INC.;
15  THE CHEMINS COMPANY, INC;
    ENFORMA NATURAL PRODUCTS, INC.;
16  NATURE'S BOUNTY, INC.;
    TELEBRANDS CORPORATION; and TV
17  SAVINGS, LLC,

18                      Defendants.

19      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20          PLEASE TAKE NOTICE that Supreme Court of New York, County of Queens Case No.

21  17279/04 (the "Case") is being transferred to this Court pursuant to this Court's: (i) Order

22  Granting Petition of Debtors-in-Possession Pursuant to 28 U.S.C. § 157(b)(5) dated November 2,

23  2005; and (ii) Supplemental Order Regarding Transfer of Cases Pursuant to 28 U.S.C. § 157(b)(5)

24  dated December 2, 2005, both of which were issued in Case No. 05-01802.

25          Defendant MII LIQUIDATION, INC. fka METABOLIFE INTERNATIONAL, INC.

26  states the following in support of this transfer:

27

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

726974.17

NOTICE OF 28 U.S.C. § 157(b)(5) TRANSFER TO UNITED STATES DISTRICT COURT

1. On June 30, 2005, MII Liquidation, Inc., which was then known as Metabolife International, Inc. ("Metabolife") and its wholly owned subsidiary, AHP Liquidation, Inc., which was then known as Alpine Health Products, LLC ("Alpine") (Metabolife and Alpine are collectively referred to herein as "Debtors-in-Possession") filed voluntary Chapter 11 petitions before the United States Bankruptcy Court for the Southern District of California as Case Nos. 05-06040 and 05-06041, respectively.

2. The Case was filed as Case No. 17279/04 in the Supreme Court of New York, County of Queens on June 29, 2004, which date is prior to the filing of Debtors-in-Possession's Chapter 11 petitions.  The Case was thereby stayed by the automatic stay provisions of 11 U.S.C. § 362 as to Debtors-in-Possession.

3. On September 9, 2005, the United States Bankruptcy Court for the Southern District of California entered an Order enjoining all aspects of the Case, including claims against defendants other than Debtors-in-Possession, through December 6, 2005.  On November 30, 2005, the United States Bankruptcy Court for the Southern District of California entered another Order extending the September 9, 2005 Order through March 10, 2006.  The September 9, 2005 Order and the November 30, 2005 Order are attached hereto as Attachments 1 and 2.

4. On November 2, 2005 and December 2, 2005, this Court entered two Orders as Docket Item Nos. 29 and 31 in Case No. 05-01802.  These Orders, which are attached hereto as Attachments 3 and 4, mandated the transfer of the Case to this Court for all purposes pursuant to 28 U.S.C. § 157(b)(5).  See Exhibit 'A' to the December 2, 2005 Order.

5. In light of the foregoing, the Case has been stayed since June 30, 2005 as to Debtors-in-Possession, and as to all defendants since September 9, 2005.  Furthermore, in light of this Court's November 2, 2005 and December 2, 2005 Orders, the Case is being transferred to this Court for all purposes.

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

726974.17  2

NOTICE OF 28 U.S.C. § 157(b)(5) TRANSFER TO UNITED STATES DISTRICT COURT

1

2   DATED:  March 16, 2006                    HIGGS, FLETCHER & MACK LLP

3

4                                             By: _____

5                                                 WILLIAM M. LOW, ESQ.
                                                  CYRUS L. TORABI, ESQ.
6                                                 Attorneys for Defendant
                                                  MII LIQUIDATION, INC. fka
7                                                 METABOLIFE INTERNATIONAL, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

726974.17                              3

NOTICE OF 28 U.S.C. § 157(b)(5) TRANSFER TO UNITED STATES DISTRICT COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT 1

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

726974.17                                      4

NOTICE OF 28 U.S.C. § 157(b)(5) TRANSFER TO UNITED STATES DISTRICT COURT

CSD 3000A [11/15/04]
Name, Address, Telephone No. & I.D. No.

DAVID L. OSIAS / DEBRA A. RILEY (091287/151925)
ALLEN MATKINS LECK GAMBLE & MALLORY LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Attorneys for Plaintiffs

Order Entered on
September 09, 2005
by Clerk U.S. Bankruptcy Court
Southern District of California

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>METABOLIFE INTERNATIONAL, INC., and<br>ALPINE HEALTH PRODUCTS, LLC,<br><div align=right>Debtor.</div> | BANKRUPTCY NO. 05-6040-H11 (Jointly Admin.) |
| Metabolife International, Inc., and<br>Alpine Health Products, LLC,<br><div align=right>Plaintiff(s)</div> | ADVERSARY NO. 05-90378-JH |
| v.<br>Rosemary Alaniz, an individual; et al.,<br><div align=right>Defendants(s)</div> | Date of Hearing:  September 7, 2005<br>Time of Hearing:  2:00 p.m.<br>Name of Judge:   John J. Hargrove |

## ORDER ON

## MOTION FOR (A) ON AN EMERGENCY BASIS, A TEMPORARY RESTRAINING ORDER, (B) UPON DUE NOTICE, A PRELIMINARY INJUNCTION, AND (C) CERTAIN OTHER AND ADDITION

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through __2__ with exhibits, if any, for a total of __2__ pages, is granted. Motion/Application Docket Entry No. ___3___

//

//

//

//

DATED:  **September 09, 2005**

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

Allen Matkins Leck Gamble & Mallory LLP
(Firm name)

By: /s/ David L. Osias
    Attorney for [✓] Movant [ ] Respondent

_____
Judge, United States Bankruptcy Court

CSD 3000A

CSD 3000A [11/15/04] (Page 2)
ORDER ON MOTION FOR (A) ON AN EMERGENCY BASIS, A TEMPORARY RESTRAINING
DEBTOR: METABOLIFE INTERNATIONAL, INC., and
         ALPINE HEALTH PRODUCTS, LLC,

CASE NO.: 05-6040-H11 (Jointly Admin.)
ADV. NO.: 05-90378-JH

The Plaintiffs' Motion for (A) on an Emergency Basis, a Temporary Restraining Order, (B) Upon Due Notice, a Preliminary Injunction, and (C) Certain Other and Additional Relief came on for hearing before this Court on September 7, 2005, at 2:00 p.m., the Honorable John J. Hargrove presiding.  David L. Osias of Allen Matkins Leck Gamble & Mallory LLP appeared as counsel for the Plaintiffs; other appearances were as noted on the record.  After consideration of Plaintiffs' moving papers, the files herein, and the argument of counsel at the hearing, the Court finds that notice of the motion was properly given and that, based upon the facts and circumstances herein, the multi-party stipulation executed in the Ephedra Products Liability MDL (04 MD 1598 JSR), and the approval of that stipulation by the United States District Court for the Southern District of New York, entry of the preliminary injunction is reasonably necessary to promote and protect the parties' efforts to work toward a chapter 11 plan.

In light of the foregoing, IT IS HEREBY ORDERED as follows:

1.  The motion for preliminary injunction is granted.  All proceedings in any case, suit, or action commenced by an Ephedra Plaintiff (as defined in the moving papers), including any proceedings against the non-debtor defendants in such case, suit, or action, are hereby stayed and enjoined through December 6, 2005.

2.  This preliminary injunction and stay may be extended upon the approval of such extension by both this Court and the MDL District Court.

3.  Pending further order of this Court, all procedural deadlines, including under the Federal Rules of Bankruptcy or Civil Procedure, in this adversary proceeding, such as dates by which service must be effected, a response to the complaint or pretrial reports filed, or initial discovery disclosures made, are also stayed.

CSD 3000A

*Signed by Judge John J. Hargrove September 09, 2005*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT 2

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

726974.17

5

NOTICE OF 28 U.S.C. § 157(b)(5) TRANSFER TO UNITED STATES DISTRICT COURT

CSD 3000A [11/15/04]
Name, Address, Telephone No. & I.D. No.

DAVID L. OSIAS / DEBRA A. RILEY (091287/151925)
ALLEN MATKINS LECK GAMBLE & MALLORY LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Attorneys for Plaintiffs

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In Re<br>METABOLIFE INTERNATIONAL, INC., and<br>ALPINE HEALTH PRODUCTS, LLC,<br><div align=right>Debtor.</div> | BANKRUPTCY NO. 05-6040-H11 (Jointly Admin.) |
|---|---|
| Metabolife International, Inc., and<br>Alpine Health Products, LLC,<br><div align=right>Plaintiff(s)</div> | ADVERSARY NO. 05-90378-JH |
| v.<br>Rosemary Alaniz, an individual; et al.,<br><div align=right>Defendants(s)</div> | Date of Hearing:<br>Time of Hearing: .<br>Name of Judge: |

## ORDER ON

## EX PARTE APPLICATION FOR AN ORDER EXTENDING SECTION 105 PRELIMINARY INJUNCTION THROUGH MARCH 10, 2006

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through __2__ with exhibits, if any, for a total of __2__ pages, is granted. Motion/Application Docket Entry No. ___27___

//

//

//

//

DATED:  November 30, 2005

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Judge, United States Bankruptcy Court

Submitted by:

Allen Matkins Leck Gamble & Mallory LLP
(Firm name)

By: /s/ David L. Osias
Attorney for ☑ Movant ☐ Respondent

CSD 3000A

CSD 3000A (11/15/04) (Page 2)
ORDER ON EX PARTE APPLICATION FOR AN ORDER EXTENDING SECTION 105
DEBTOR: METABOLIFE INTERNATIONAL, INC., and                    CASE NO.: 05-6040-H11 (Jointly Admin.)
        ALPINE HEALTH PRODUCTS, LLC.                           ADV. NO.: 05-90378-JH

Based upon the ex parte application of Debtors in Possession for an order extending the section 105 preliminary injunction entered by this Court on September 9, 2005 (the "Injunction Order"), and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

1. The preliminary injunction is extended from December 6, 2005, through March 10, 2006.

2. The extension of the Injunction Order does not enjoin Ephedra Claimants from filing proofs of claim or commencing adversary complaints in accordance with the Claims Bar Date Order entered by this Court on November 18, 2005.

3. Any party added to Adversary Proceeding No. 05-90378-JH shall become subject to this Order upon the giving of notice to them of this Order.

4. All other terms of the Injunction Order remain unchanged.

CSD 3000A

*Signed by Judge John J. Hargrove November 30, 2005*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT 3

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

726974.17

6

05 NOV -3 AM 8: 22

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

                                    DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. 05cv1802-IEG(RBB) |
| METABOLIFE INTERNATIONAL, INC. and ALPINE HEALTH PRODUCTS, LLC, | Order Granting Petition of Debtors-in-Possession Pursuant to 28 U.S.C. § 157(b)(5) [Doc. No. 1] |
| Debtors/Petitioners, | |

Debtors-in-possession Metabolife International, Inc. ("Metabolife") and Alpine Health Products, LLC ("Alpine Health") (together with Metabolife, the "Debtors-in-Possession"), petition the Court pursuant to 28 U.S.C. § 157(b)(5) for an order determining that personal injury tort and wrongful death ("PITWD") claims, which cannot be tried in a bankruptcy court, shall be heard in this district court rather than in state and federal courts throughout the country. Debtors-in-Possession also seek related ancillary relief as necessary to implement the transfer the cases to this Court. Debtors-in-Possession do not, at this time, seek transfer of the approximately 200 MDL Actions currently pending before the Southern District of New York to this Court for pretrial management. Debtors-in-Possession, however, do seek immediate transfer of all other non-MDL PITWD actions to this Court. Debtors-in-Possession have served a copy of their petition upon counsel for all interested parties, including counsel for all PITWD plaintiffs.

- 1 -

1    Metabolife's sole shareholders, Michael Blevins, William Bradley, and Michael Ellis, have

2  joined in the petition. These parties, however, additionally ask the Court to immediately transfer to

3  this Court all Ephedra Actions, including those which are part of the S.D.N.Y. MDL Action.

4    The Official Committee of Unsecured Creditors ("Committee"), appointed in the

5  coordinated Metabolife and Alpine Health bankruptcy actions, has filed a limited opposition. The

6  Committee argues that although this Court should be designated as the proper forum for trial of all

7  PITWD ephedra actions, the existing MDL Transfer Order, as well as the "tag-along" requirements

8  of MDL Rules 1.1 and 7.4, require that all actions, once removed to this District, be transferred to

9  the MDL Proceedings for all pretrial management purposes. The Committee, therefore, opposes

10  the shareholders' proposal to immediately transfer the MDL Actions to this Court.

11    Oppositions have been filed by Christopher Harris, and Jerome and Susana Kreutzer, who

12  have PITWD actions pending before the San Diego County Superior Court as part of coordinated

13  proceeding JCCP 4360. An opposition has also been filed by certain doctors who are defendants to

14  a PITWD action that was made part of the S.D.N.Y. MDL Action.

15    The Plaintiffs' Coordinating Committee ("PCC") of the S.D.N.Y. Ephedra MDL Action

16  also filed a late "response" to Metabolife's petition. In that "response" the PCC asks the Court to

17  transfer all the "adversary proceedings" involving PITWD claims against Metabolife to the MDL

18  Judge in S.D.N.Y. pursuant to 28 U.S.C. § 1412. Debtors-in-Possession have filed a consolidated

19  reply responding to the arguments of each of these parties.

20    A hearing was held before Chief Judge Irma E. Gonzalez on October 24, 2005. Robert

21  Barnes appeared on behalf of Debtors-in-Possession. Victor Vilaplana and Peter Gurfein appeared

22  on behalf of shareholders Michael Blevins, William Bradley, and Michael Ellis. David Molton and

23  Christine Bauer appeared on behalf of the Official Committee of Unsecured Creditors. Laura

24  Taylor appeared on behalf of the Unofficial Retailers' Committee. Fernando DeLeon, Edward

25  Blizzard, and Anne Andrews appeared on behalf of the Ephedra MDL Plaintiffs' Coordinating

26  Committee. Steven Siskos appeared on behalf of the JCCP Plaintiffs' Coordinating Committee.

27  Manuel Corrales appeared on behalf of San Diego Superior Court Plaintiffs Jerome and Susana

28  Kreutzer. Thomas Tosdal appeared on behalf of San Diego Superior Court Plaintiff Christopher

1 | Harris.  Lisa Ackley appeared on behalf of third party Chemins.  Paul LaScala appeared on behalf
2 | of third party Wal-Mart.

3 | *Background*

4 | Debtors-in-Possession filed a petition for bankruptcy under chapter 11 of the Bankruptcy

5 | Code in the United States Bankruptcy Court for the Southern District of California on June 30,

6 | 2005 (Case No. 05-06040).  Those bankruptcy proceedings are being jointly administered by Chief

7 | Bankruptcy Judge John Hargrove .  At the time the bankruptcy petitions were filed, approximately

8 | 362 ephedra-based personal injury tort and wrongful death ("PITWD") actions were pending

9 | against Metabolife and/or Alpine Health in state and federal courts.  These PITWD cases allege

.10 | injuries resulting from the purchase and use of Metabolife's products that contained ephedra.

11 | Approximately 200 Ephedra Actions have been transferred to the District Court for the

12 | Southern District of New York pursuant to an April 13, 2004 MDL Transfer Order.  Judge Jed S.

13 | Rakoff is presiding over the consolidated pretrial management of the MDL claims.  In addition,

14 | there are approximately 90 actions pending before California state courts which have been

15 | coordinated by the Judicial Council of California ("JCCP") in a single proceeding in the San Diego

16 | County Superior Court before Judge Ronald Styn.[1]  There are approximately 73 additional actions

17 | pending in various state or federal courts around the country.  In addition to Metabolife and Alpine

18 | Health, many of the Ephedra Actions name other parties with a connection to Metabolife, such as

19 | retailers or entities that sold Metabolife products to the users, manufacturers of Metabolife

20 | products, distributors, and Metabolife's shareholders.

21 | After Metabolife and Alpine filed their bankruptcy petitions on June 30, 2005, the

22 | bankruptcy court appointed an Official Committee of Unsecured Creditors ("Committee") under

23 | 11 U.S.C. § 1102.  The Committee is made up of certain plaintiffs in the Ephedra Actions as well

24 | as certain trade creditors of the Debtors-in-Possession.  Debtors-in-Possession have moved the

25 | bankruptcy court for approval of the sale of substantially all of their assets.  That sale is currently

26 | set for November 3, 2005.

27 |

28 | [1] On September 27, 2005, Superior Court defendants Wal-Mart, Rite-Aid Corp., Costco Wholesale Corp., and The Chemins Company removed 20 of the San Diego Superior Court JCCP actions to Southern District of California Bankruptcy Court.

- 3 -

1    Pursuant to the provisions of the bankruptcy code, all Ephedra Actions against Debtors-in-

2  Possession were automatically stayed with the filing of the bankruptcy.  On July 8, 2005, Judge

3  Styn issued an order staying the JCCP action in San Diego County Superior Court for 90 days,

4  including claims against third parties.  On August 23, 2005, Judge Rakoff entered a stipulation that

5  had been negotiated and signed by Debtors-in-Possession, the Committee, and the third parties,

6  staying the MDL Ephedra Actions for 90 days.  On September 7, 2005, Judge Hargrove granted

7  Debtors-in-Possession's motion for a preliminary injunction enjoining all proceedings in all

8  Ephedra Actions for a period of 90 days.

9    On September 16, 2005, Debtors-in-Possession filed the current petition under 28 U.S.C.

10  § 157(b)(5) for an order determining that all PITWD claims shall be tried in this District Court

11  rather than in courts scattered around the country.  Debtors-in-Possession do not seek immediate

12  transfer of the 200 or so MDL Actions pending before the Southern District of New York, but

13  instead propose that those cases remain in New York until such time as they are ready for

14  resolution by trial.  Debtors-in-Possession ask that the remaining 162 or so non-MDL cases

15  pending throughout the country, including the 90 JCCP cases before the San Diego County

16  Superior Court, be forthwith transferred to this Court.

17    *Discussion*

18    Pursuant to 28 U.S.C. § 157, "[t]he district court shall order that personal injury tort and

19  wrongful death claims shall be tried in the district court in which the bankruptcy case is pending,

20  or in the district court in the district in which the claim arose, as determined by the district court in

21  which the bankruptcy case is pending."  The purpose of § 157(b)(5) is "to centralize the

22  administration of the [bankruptcy] estate and to eliminate the 'multiplicity of forums for the

23  adjudication of parts of a bankruptcy case.'"  A.H. Robins Company, Inc. v. Piccinin, 788 F.2d

24  994, 1011 (4th Cir. 1986) (quoting 130 Cong. Rec. H.7492, June 29, 1984, *reprinted in* 1984

25  U.S.C.C.A.N. at 579); see also In re Pan Am Corp., 16 F.3d 513, 516 (2d Cir. 1994) ("Congress

26  enacted section 157(b)(5) to expand the district court's venue-fixing powers with an eye to

27  centralizing the adjudication of a bankruptcy case.").  By centralizing cases under § 157(b)(5), the

28  court "increases the debtor's odds of developing a reasonable plan of reorganization which will

- 4 -

05cv1802

1  'work a rehabilitation of the debtor and at the same time assure fair and non-preferential resolution

2  of the . . . claims.'"  In re Dow Corning Corp., 86 F.3d 482, 496 (6th Cir. 1996) (quoting A.H.

3  Robins Co., 788 F.2d at 1011).  The district court's power to fix venue under § 157(b)(5) also

4  extends to cases pending against nondebtor defendants which are "related to" a debtor's

5  bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b).  In re Dow Corning Corp., 86 F.3d at

6  497.

7        Although the language of § 157(b)(5) appears to impose upon the district court a mandatory

8  duty to fix venue, the court must first determine whether it is appropriate to abstain pursuant to 28

9  U.S.C. § 1334(c).  In re Dow Corning, 86 F.3d at 497 (citing In re Pan Am Corp., 950 F.2d 839,

10  844 (2d Cir. 1991)).  Section 1334(c)(1) provides as follows: "[n]othing in this section prevents a

11  district court in the interests of justice, or, in the interest of comity with State courts or respect for

12  state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in

13  or related to a case under title 11."  In determining whether or not to abstain from transferring

14  venue under § 157(b)(5), courts should consider twelve factors:

15        (1)   the effect or lack thereof on the efficient administration of the estate if a Court
                recommends abstention,
16        (2)   the extent to which state law issues predominate over bankruptcy issues,
          (3)   the difficulty or unsettled nature of the applicable law,
17        (4)   the presence of a related proceeding commenced in state court or other bankruptcy
                court,
18        (5)   the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
          (6)   the degree of relatedness or remoteness of the proceeding to the main bankruptcy
19              case,
          (7)   the substance rather than form of an asserted "core" proceeding,
20        (8)   the feasibility of severing state law claims from core bankruptcy matters to allow
                judgments to be entered in state court with enforcement left to the bankruptcy court,
21        (9)   the burden on [the bankruptcy court's] docket,
          (10)  the likelihood that the commencement of the proceeding in bankruptcy court
22              involves forum shopping by one of the parties,
          (11)  the existence of a right to a jury trial, and
23        (12)  the presence in the proceeding of nondebtor parties.

24  In re Pacific Gas & Electric Co., 279 B.R. 561, 569-70 (N.D. Cal. 2002) (quoting Christensen v.

25  Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1999)).  Where a proper request for transfer is

26  made under § 157(b)(5), "[t]ransfer should be the rule, abstention the exception."  In re Pan Am

27  Corp., 950 F.2d at 845; see also In re Twin Laboratories, Inc., 300 B.R. 836, 841 (S.D.N.Y. 2003).

28        Despite the issues raised by the San Diego Superior Court plaintiffs Harris and Kreutzer, as

1  well as the doctor defendants in the Gyani v. Metabolife Int'l Inc. case pending before the Southern

2  District of New York, the Court concludes that it is in the best interests of all involved parties to

3  grant the Debtors-in-Possession's motion under § 157(b)(5). This case demonstrates the need to

4  centralize the administration of all PITWD claims against the bankruptcy estate in a single district

5  court. Like the Dow Corning breast implant claims addressed in the In re Dow Corning Corp.

6  case, the Dalkon Shield IUD claims addressed in the A.H. Robins Company, Inc. case, the claims

7  resulting from the crash of Pan Am flight 103 in the In re Pan Am. Corp. case, and the similar

8  ephedra claims raised in In re Twin Laboratories, Inc., the claims of the 362 PITWD plaintiffs who

9  have filed suits against Metabolife and Alpine Health need to be administered by a central court.

10  As the Fourth Circuit pointed out many years ago in the A.H. Robins Company, Inc. case, "[t]he

11  'single focal point' of this proceeding [the chapter 11 bankruptcy] is the development of a

12  reasonable plan of reorganization for the debtor, one which will work a rehabilitation of the debtor

13  and at the same time assure fair and non-preferential resolution of the [ephedra] claims." 788 F.2d

14  at 1012. Although a couple of objections have been filed by individual claimants in opposition to

15  the current petition, "[i]f the claimants as a whole are to realize reasonable compensation for their

16  claims, it is obviously in the interest of the class of claimants as a whole to obviate the tremendous

17  expense of trying these cases separately." Id. at 1013

18      The Court further concludes, that the opposing parties have not demonstrated that the

19  balance of factors set forth in In re Pacific Gas & Electric Co. favors abstention. With regard to

20  the JCCP actions before the San Diego County Superior Court,[2] the Court concludes that the

21  balance of factors favors the exercise of jurisdiction by this Court. On September 27, 2005, the

22  non-debtor defendants removed 20 of the JCCP cases to the Southern District of California

23  Bankruptcy Court. With only a couple exceptions, the remaining JCCP actions have been filed

24  solely against the Debtors-in-Possession. Because of the automatic stay under the bankruptcy

25  code, those cases will remain stayed indefinitely pending confirmation of a plan by the bankruptcy

26

27      [2] The Court notes that although counsel representing the JCCP Plaintiffs' Coordinating
Committee appeared at the hearing, the Committee did not file a written opposition or abstention

28  motion. No other Superior Court plaintiff filed a written opposition to the petition or motion for
abstention.

1   court. The Kreutzer and Harris plaintiffs argue that transfer of the JCCP actions to this Court will

2   result in a monumental waste of judicial resources because much of the pretrial preparation of

3   these cases has been completed and they are simply awaiting trial. No trial will occur in those

4   cases, however, while the bankruptcy is pending. Therefore, the transfer of the actions to this

5   Court will not prejudice the rights of those plaintiffs. Furthermore, although the Kreutzer and

6   Harris plaintiffs argue that there are novel issues of California causation law to be resolved in these

7   cases, the Court believes these legal issues are not particularly difficult or unsettled. In addition,

8   the state law issues do not predominate over the bankruptcy issues. The PITWD proceedings

9   throughout the country are directly related to the bankruptcy case because the bankruptcy was

10   precipitated, in large part, by the tort claims. It is not feasible to sever the PITWD claims from the

11   core bankruptcy matters because the bankruptcy court cannot confirm a plan for administration of

12   the estate without considering the impact of these claims. The Court notes that the assets of

13   Debtor-in-Possession are pending sale, such that there will be a finite pool of money from which

14   claims can be paid. Transferring venue for trial to this Court will ensure that this pool can be fairly

15   distributed in accordance with the bankruptcy plan. The Court does not find that the initiation of

16   the bankruptcy proceedings constitutes forum shopping because the Debtors-in-Possession are

17   California corporations with their principal places of business within this District. Finally,

18   although there would be some burden on this Court associated with the transfer of venue under §

19   157(b)(5), that burden is largely ameliorated by leaving the pending MDL Actions in the Southern

20   District of New York. Therefore, upon consideration of all the factors, the Court concludes that

21   the balance tips strongly in favor of the exercise of jurisdiction by this Court under § 157(b)(5) as

22   to all of the JCCP Superior Court cases, and against abstention as requested by San Diego Superior

23   Court plaintiffs Harris and Kreutzer.

24         With regard to the Gyani case doctor defendants, these parties appear to raise valid

25   arguments regarding whether the malpractice claims against them should be severed from the MDL

26   proceeding and remanded to the originating Court. Those issues, however, need to be raised by

27   noticed motion to the appropriate court or to the Panel on Multidistrict Litigation that originally

28   ordered that the case be made part of the MDL Action. Because this Court is not ordering the

1   immediate transfer of the MDL Actions, the Gyani doctor defendants can proceed with such

2   motion in due course, prior to any final transfer of the case to this Court for trial.

3          With regard to the remaining 73 or so non-MDL, non-JCCP cases, the Court also finds it

4   appropriate to exercise jurisdiction under § 157(b)(5). There are currently PITWD cases pending

5   against the Debtors-in-Possession in the state and federal courts in Virginia, Texas, Pennsylvania,

6   Minnesota, Maryland, Washington, Missouri, Massachusetts, Florida, New Jersey, Ohio,

7   Oklahoma, Georgia, Illinois, Arkansas, Louisiana, Kansas, Connecticut, Utah, Mississippi,

8   Arizona, North Carolina, Alabama, and Nevada. The transfer of these cases under § 157(b)(5) will

9   promote the efficient administration of the bankruptcy estate by eliminating the need for Debtors-

10  in-Possession to litigate these claims throughout the country. In particular, although these cases

11  are currently under a stay imposed by Chief Bankruptcy Judge Hargrove, at the hearing before this,

12  Court there was some indication that there continues to be some ongoing issues in these

13  proceedings. Transfer of the cases to this Court, in the district in which the bankruptcy

14  proceedings are pending, will ensure that the interests of the PITWD claimants, and the Debtors-

15  in-Possession, and the other claimants of the bankruptcy estate, are fully and fairly protected.

16         In the "response" filed by the Plaintiffs' Coordinating Committee ("PCC") of the Ephedra

17  MDL Action, the PCC alternatively asks the Court to transfer all of the PITWD claims to the

18  United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1412.

19  Besides the fact that the "response" is in fact a grossly untimely motion for affirmative relief,

20  § 1412 also does not provide the relief sought by the PCC. Section 1412 provides that "[a] district

21  court may transfer a case or proceeding under title 11 to a district court for another district, in the

22  interest of justice or for the convenience of the parties." As an initial matter, § 1412 allows only

23  the court in which a suit is pending to transfer such case to another court. A.H. Robins Co., 788

24  F.2d at 1011. In particular, it is ordinarily for the bankruptcy court to determine whether such a

25  transfer of venue is appropriate. Id.; see also Calumet Nat'l Bank v. Levine, 179 B.R. 117, 121

26  (N.D. Ind. 1995). Because the other cases that the PCC urges the Court to transfer under § 1412

27  are not currently before this Court, this Court lacks jurisdiction to transfer them to the S.D. New

28  York. In addition, PITWD claims form a special class within the realm of bankruptcy law, and

1 § 157(b)(5) is the proper section governing the determination of venue as to such claims.  Id.

2 Under § 157(b)(5), this Court can order that PITWD claims be tried only in this Court or in the

3 court in which the claim arose.  The Southern District of New York, as an MDL transferee court,

4 does not fit in either of those categories.

5                                                 *Conclusion*

6         For the reasons set forth herein, the Debtors-in-Possession's petition under 28 U.S.C.

7 § 157(b)(5) is GRANTED.  Pursuant to § 157(b)(5), the Court orders that this is the appropriate

8 venue for trial of PITWD cases against the Debtors-in-Possession.  Counsel for the Debtors-in-

9 Possession shall forthwith submit a proposed order to the Court providing for the immediate

10 transfer of venue all of the non-MDL Ephedra Actions against them to this Court.  Upon receipt of

11 the case files by the Clerk of the Court, a new case number shall be assigned to each case.  Such

12 cases shall thereafter be assigned according to the low number rule, S.D. Cal. Local Civil Rule

13 40.1(h).  The MDL Actions shall remain in the United States District Court for the Southern

14 District of New York until such time, if any, that trial of the actions becomes appropriate.  Trial

15 shall take place in the Southern District of California.  All requests for relief regarding pretrial

16 management of non-MDL Actions are denied without prejudice.

17      **IT IS SO ORDERED.**

18

19 Dated:   _Nov. 2, 2005_

20                                         HON. IRMA E. GONZALEZ, Chief Judge
                                          United States District Court
21                                         Southern District of California

22 cc:     Magistrate Judge Brooks
         Counsel of Record
23

24

25

26

27

28

05cv1802

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT 4

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

726974.17

7

NOTICE OF 28 U.S.C. § 157(b)(5) TRANSFER TO UNITED STATES DISTRICT COURT

05 DEC -5 PM 2: 35

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In re

METABOLIFE INTERNATIONAL, INC.
and ALPINE HEALTH PRODUCTS, LLC,

                    Debtors/Petitioners,

CASE NO. 05cv1802-IEG(RBB)

Supplemental Order Regarding
Transfer of Cases Pursuant to
28 U.S.C. § 157(b)(5)

On November 3, 2005, the Court granted the Debtors-in-Possession's petition under 28 U.S.C. § 157(b)(5) and ordered that this Court is the appropriate venue for trial of personal injury tort and wrongful death cases against the Debtors-in-Possession. Debtors-in-Possession have provided the Court with a list identifying all Ephedra Actions which were not part of the MDL proceeding as of the date of the filing of the Metabolife and Alpine Health bankruptcy petitions on June 30, 2005. Those actions are identified in the attached list labeled Exhibit A. Debtors-in-Possession have also identified 24 of those actions which were transferred to the MDL following the filing of the bankruptcy petitions and prior to this Court's November 3, 2005 order. Those actions are identified in the attached list labeled Exhibit B. Finally, Debtors-in-Possession have identified those remaining cases that are part of the Ephedra MDL Action in the Southern District of New York.

Based upon the Court's November 3, 2005 order, and to effect transfer of the relevant cases, the Court hereby orders as follows:

- 1 -

31

ENTERED ON 12/6/05     05cv1802

1.     Each of the non-MDL Ephedra Actions, as identified on Exhibit A hereto shall be transferred forthwith to this Court, with the exception of those cases listed on Exhibit B, which were transferred to the MDL prior to the entry of the Court's November 3, 2005 order. Counsel for the Debtors-in-Possession shall take such action as is necessary to transfer venue of the identified non-MDL Ephedra Actions to this Court.

2.     The record for each of the transferred actions shall be transmitted directly to the Clerk of Court, United States District Court for the Southern District of California, 880 Front Street, Room 4293, San Diego, CA 92101. Upon receipt of the case files by the Clerk of the Court, a new case number shall be assigned to each action. The Clerk of Court shall directly assign such cases District Judge Barry Ted Moskowitz and Magistrate Judge Jan M. Adler as related to Case No. 02cv1671-BTM(JMA).

3.     All MDL Actions, as identified in the attached lists labeled Exhibits B and C, shall remain in the United States District Court for the Southern District of New York until such time, if any, that trial of the actions becomes appropriate. Counsel for the Debtors-in-Posession, however, shall forthwith provide notice of the Court's November 3, 2005 order to counsel for plaintiffs in the MDL Action.

The Clerk shall terminate this case.

**IT IS SO ORDERED.**

Dated: _12/2/05_

_Irma E. Gonzalez_

HON. IRMA E. GONZALEZ, Chief Judge
United States District Court
Southern District of California

cc:   Judge Moskowitz
     Magistrate Judge Brooks
     Magistrate Judge Adler
     Counsel of Record

05cv1802

| Non-MDL Ephedra Actions<br>As of Petition Date | | |
|---|---|---|
| **Plaintiff** | **Jurisdiction\*** | **Civil Action No.** |
| Anderson, Tony | W.D. Wash. (Tacoma) | 3:05-cv-05438-JKA |
| Armbrister, Terrill | Bankr. S.D. Cal. | Adv. 05-90421 |
| Bagley, Terri | Bankr. S.D. Cal. | Adv. 05-90378 |
| Baity, Joseph | D. Minn. | 0:05-cv-00936 |
| Berckman, Phillip Shane | JCCP, Sup. Ct.; San Diego County, California | Unavailable |
| Berry, Steven | JCCP, Sup. Ct.; San Diego County, California | 4360-00088 |
| Bierig, Collette | JCCP, Sup. Ct.; San Diego County, California | 4360-00083 |
| Bolds, Marvin | JCCP, Sup. Ct.; San Diego County, California | 4360-00110 |
| Bonnette, J. | JCCP, Sup. Ct.; San Diego County, California | 4360-00029 |
| Bonnette, Robert | JCCP, Sup. Ct.; San Diego County, California | 4360-00002 |
| Bower, Barbara | Bankr. S.D. Cal. | Adv. 05-90424 |
| Braner, Gloria | Bankr. S.D. Cal. | Adv. 05-90425 |
| Brenton, Ashleigh | JCCP, Sup. Ct.; San Diego County, California | 4360-00003 |
| Bridges, Jeff | S.D. Tex. (Houston) | 4:03-cv-03847 |
| Broadus, Ronnie | JCCP, Sup. Ct.; San Diego County, California | 4360-00038 |
| Brock, Jacqueline | Bankr. S.D. Cal. | Adv. 05-90414 |
| Brown, Connie | S.D. Cal. | 05-cv-1300 |
| Brown, David | JCCP, Sup. Ct.; San Diego County, California | 4360-00050 |
| Brown, Debra | S.D. Tex. | 4:03-cv-05313 |
| Brown, Kathleen | W.D. Mo. | 05-481-cv-W-FJG |
| Brown, Samantha | JCCP, Sup. Ct.; San Diego County, California | 4360-00030 |
| Bupte, Gerald | S.D. Tex. (Galveston) | 3:05-cv-00518 |
| Byrne, Daniel | E.D. Mo. | 1:05-cv-00076CCDP |
| Cain, John Robert | DNJ (Trenton) | 3:04-cv-00686-GEB |
| Callahan, Jill | JCCP, Sup. Ct.; San Diego County, California | 4360-00055 |
| Camera, Kimberly | JCCP, Sup. Ct.; San Diego County, California | 4360-00031 |
| Carss, Patty | JCCP, Sup. Ct.; San Diego County, California | 4360-00053 |
| Carter, James | W.D. Mo. (Kansas City) | 4:05-cv-00527-FJG |

**Exhibit A**

636920

| Plaintiff | Jurisdiction* | Civil Action No. |
|---|---|---|
| Casillas, Lilia | JCCP, Sup. Ct.; San Diego County, California | 4360-00074 |
| Cate, Charles | JCCP, Sup. Ct.; San Diego County, California | 4360-00051 |
| Chalvire, Grace | JCCP, Sup. Ct.; San Diego County, California | 4360-00032 |
| Chaney, Dennis | Bankr. S.D. Cal. | Adv. 05-90416 |
| Clark, Max | S.D. Tex. (Houston) | 4:05-cv-03351 |
| Colbert, Aisha | JCCP, Sup. Ct.; San Diego County, California | 4360-00089 |
| Corrasco, Angie | JCCP, Sup. Ct.; San Diego County, California | Unavailable |
| Crisp, Dorothy | S.D. Tex. (Houston) | 4:04-cv-02226 |
| Cunningham, Olivia | Cir. Ct.; St. Louis City, Missouri | Unavailable |
| Davis, Wendy | Bankr. S.D. Cal. | Adv. 05-90415 |
| Dean, Jack E. | JCCP, Sup. Ct.; San Diego County, California | 4360-00105 |
| Deaver, Michelle | JCCP, Sup. Ct.; San Diego County, California | 4360-00028 |
| Doll, Kim | JCCP, Sup. Ct.; San Diego County, California | 4360-00056 |
| Doucette, Eugene | Bankr. S.D. Cal. | Adv. 05-90428 |
| Dropp, Theodore | Cook County, Illinois | 03-L-8635 |
| Durbin, Mark | W.D. Mo. (Kansas City) | 4:05-cv-00482-DW |
| Durham, Travis | Bankr. S.D. Cal. | Adv. 05-90426 |
| Dye, Lewis | JCCP, Sup. Ct.; San Diego County, California | 4360-00005 |
| Ealy, Tyrescia | Pulaski County, Arkansas | CV-04-1195 |
| Emm, Mary | Sup. Ct.; San Diego, California | GIC831450 |
| Emmert, Janet | JCCP, Sup. Ct.; San Diego County, California | 4360-00058 |
| Foley, Susan | S.D. Fla. | 05-CV-80588 |
| Fontenot, Justin | JCCP, Sup. Ct.; San Diego County, California | 4360-00097 |
| Foster, Edward | N.D. Ill. | 05C 4759 |
| Fox, David | JCCP, Sup. Ct.; San Diego County, California | 4360-00081 |
| Franklin, Judy | Bankr. S.D. Cal. | Adv. 05-90429 |
| Friddle, Dee Dee | Bankr. S.D. Cal. | Adv. 05-90412 |
| Fuss, Sherry | E.D. Pa. | 2:05-cv-5151-LDD |
| Gawiak, Catherine | Cir. Ct.; 1st Jud. Dist.; Santa Rosa, Florida | 04000395CA |
| Gentry, Nona | Bankr. S.D. Cal. | Adv. 05-90418 |
| Green, Monica | JCCP, Sup. Ct.; San Diego County, California | Unavailable |
| Green, William | S.D.S.C. (Columbia) | 3:05-cv-02226-MDL |
| Hamm, Richard Douglas | JCCP, Sup. Ct.; San Diego County, California | Unavailable |

**Exhibit A**

| Plaintiff | Jurisdiction* | Civil Action No. |
|---|---|---|
| Hawkins, John | Bankr. S.D. Ill. | Adv. 05-03281 |
| Hollingsworth, Michelle | Sup. Ct.; San Diego, California | GIC820375 |
| Holster, Angela | Santa Rosa, Florida | 57-2002-CA-000148 |
| Howard, Stephen | D. Mass. | 1:05-cv-10872-DPW |
| Hunt, John | JCCP, Sup. Ct.; San Diego County, California | 4360-00071 |
| Hutchinson, Robert | Bankr. S.D. Cal. | Adv. 05-90419 |
| Jackson, Shelly | Bankr. S.D. Cal. | Adv. 05-90420 |
| Jarrett, Linda | Cir. Ct.; St. Louis County, Missouri | 04CC-004894 J CV |
| Jenkins, Opal | Bankr. E.D. Ark. (Helena Division) | Adv. 2:05-ap-01265 |
| Johnson, Jennifer | JCCP, Sup. Ct.; San Diego County, California | 4360-00006 |
| Johnson, Sandra | JCCP, Sup. Ct.; San Diego County, California | 4360-00100 |
| Johnson, Tina | Hillsborough County, Florida | 01-01-2145 |
| Karsky, Gloria | D. Minn. | 0:05-cv-00935-JMR-FLN |
| Keister, Diane | N.D. Ill. | 1:05-cv-02876 |
| Kern, Cynthia | Cir. Ct.; St. Louis County, Missouri | 05CC-000111 L CV |
| King, Charlene | JCCP, Sup. Ct.; San Diego County, California | 4360-00070 |
| King, Felecia | JCCP, Sup. Ct.; San Diego County, California | 4360-00108 |
| Kreutzer, Jerome | JCCP, Sup. Ct.; San Diego County, California | 4360-00001 |
| Kuchefski, Lydia | JCCP, Sup. Ct.; San Diego County, California | 4360-00027 |
| Kujat, Donald | Bankr. S.D. Cal. | Adv. 05-90427 |
| Lane, Richard | S.D. Fla. | 05-CV-60828 |
| Lanier, Monique | JCCP, Sup. Ct.; San Diego County, California | 4360-00063 |
| LeCamu, Gary | 113th Jud. Dist. Ct.; Harris County, Texas | 2003-16665 |
| Lee, Germelita | JCCP, Sup. Ct.; San Diego County, California | 4360-00098 |
| LeGrande, Candice | 10th Jud. Dist. Ct; Galveston County, Texas | 03-CV-074B |
| Lewis, Leatrice | W.D. Tex. (San Antonio) | 05-CV-948 |
| Linnell, Linda | JCCP, Sup. Ct.; San Diego County, California | 4360-00086 |
| Litten, Gregory | JCCP, Sup. Ct.; San Diego County, California | Unavailable |
| Llewellyn, Linda | Bankr. S.D. Cal. | Adv. 05-90411 |
| Longoria, Kelly | 17th Jud. Dist. Ct; Tarrant County, Texas | 017-200288-03 |
| Lopez, Martha | JCCP, Sup. Ct.; San Diego County, California | 4166 |
| Loser, Otto | E.D.N.Y. | 1:05-cv-04587 |
| Lujan, Emily | Bankr. D. N.M. | Adv. 05-1212 |

**Exhibit A**

| Plaintiff | Jurisdiction* | Civil Action No. |
|---|---|---|
| Maloney, Joann | Bankr. S.D. Cal. | Adv. 05-90422 |
| Markowski, King | N.D. Ohio (Cleveland) | 1:05-cv-01651-DAP |
| Martin, Gerald | W.D. Mo. | 5:05-cv-06050-ODS |
| Martin, Michelle | N.D. Ill. | 1:05-cv-03481 |
| Martinez, Gloria | JCCP, Sup. Ct.; San Diego County, California | 4360-00007 |
| Marty, Charlene | W.D. Mo. | 4:2005-cv-00461 |
| Mason, Pamela | E.D. Mo. | 4:05-cv-00913-DJS |
| Maxwell, Melissa | JCCP, Sup. Ct.; San Diego County, California | 4360-00048 |
| McAllister, Rhea | S.D. Tex. | 4:04-cv-02191 |
| McClain, Beverly | JCCP, Sup. Ct.; San Diego County, California | 4360-00049 |
| McClain, Johnny | N.D. Ala. | 2:01-cv-01801-WMA |
| McMeekin, Jason | S.D. Texas (Galveston) | 3:05-cv-00519 |
| Meadors, Audrey | JCCP, Sup. Ct.; San Diego County, California | 4360-00078 |
| Mejia, Ana | JCCP, Sup. Ct.; San Diego County, California | 4360- |
| Miles, Judith | W.D. Wash. (Seattle) | 2:03-cv-00225-BJR |
| Miller, Benita | E.D. Pa. | 2:05-cv-05153-MMB |
| Mireles, Kristen | JCCP, Sup. Ct.; San Diego County, California | 4360-00085 |
| Mitchell, Falayan | W.D. Ark. | 5:05-cv-05103-RTD |
| Morris, Dora | Bankr. S.D. Cal. | Adv. 05-90417 |
| Morris, Joyce | Jud. Dist. Ct.; Harris County, Texas | 2003-30290 |
| Moser, Bobby | N.D. Tex. (Fort Worth) | 4:2005-cv-00616 |
| Mullins, Patrick | N.D. Ill. | 1:05-cv-05579 |
| Naranjo, Ruben | JCCP, Sup. Ct.; San Diego County, California | 4360-00034 |
| Naugle, Patricia | Bankr. S.D. Cal. | Adv. 05-90413 |
| Neel, Marshall / Barbara | JCCP, Sup. Ct.; San Diego County, California | 4360-00102 |
| Neely, Hollis | W.D. Pa. | 2:05-cv-1350 |
| Norman, Sylvia | W.D. Mo. (Kansas City) | 4:05-cv-00483-ODS |
| Outlaw, Katonya | 20th Cir. Ct.; St. Clair County, Illinois | 05-L-28 |
| Overstreet, Phillip | N.D. Tex. | 3:05-1923 |
| Patterson, Pamela | E.D. Mo. (St. Louis) | 4:05-cv-00783-JCH |
| Paul, Duane | JCCP, Sup. Ct.; San Diego County, California | 4360-00084 |
| Perkins, Millicent | 3rd Jud. Cir. Ct.; Madison County, Illinois | 2004 L 001310 |
| Perlingiere, Vincent | Cir. Ct.; Sebastian County, Arkansas | CV 04-802 |

**Exhibit A**

| Plaintiff | Jurisdiction* | Civil Action No. |
|---|---|---|
| Petty, Tonya | Monroe County, Mississippi | CV-02-514-BM |
| Pitts, Diane | JCCP, Sup. Ct.; San Diego County, California | 4360- |
| Polys, Karen | W.D. Mo. (Jefferson City) | 2:05-cv-04158-NKL |
| Porea, Selket | Parish of Orleans, Louisiana | 2000-6723 |
| Pringle, Shannon | 157th Jud. Dist. Ct.; Harris County, Texas | 2003-36345 |
| Raines, Ronald | Cir. Ct.; Pinellas County, Florida | 05-2532-CI-20 |
| Reynoso, Lydia | JCCP, Sup. Ct. San Diego County, California | 4360-00077 |
| Richards, Melissa | 14th Jud. Dist. Ct.; Dallas County, Texas | 03-05551-A |
| Rodriguez, Ruby | JCCP, Sup. Ct.; San Diego County, California | 4360-00008 |
| Saiter, Joseph | Santa Rosa County, Florida | 04-299-CA |
| Salser, Joseph | JCCP, Sup. Ct.; San Diego County, California | 4360-00101 |
| Santiago, Jose | 280th Jud. Dist. Ct.; Harris County, Texas | 2003-30849 |
| Scheffert, Marol | W.D. Ark. (Fayetteville) | 5:05-cv-05104-RTD |
| Scholwinski, Kimberly | 221st Jud. Dist. Ct.; Montgomery County, Texas | 02-11-07633-CV |
| Schultz, Sheila | Cook County, Illinois | 03L-9428 |
| Scott, Joan | JCCP, Sup. Ct.; San Diego County, California | 4360-00075 |
| Scrivener, Kevin | W.D. Mo. (Kansas City) | 4:05-cv-00462-FJG |
| Sheard, Michelle | JCCP, Sup. Ct.; San Diego County, California | 4360- |
| Shepherd, John | Cir. Ct.; Escambia County, Florida | 2004 CA 002238 "C" |
| Sides, Cynthia | 15th Jud. Dist. Ct., Palm Beach County, Florida | 2003-CA-006003 AG |
| Simmons, Bonnie | St. Clair County, Illinois | 04-L-0039 |
| Smith, Carol | Bankr. S.D. Cal. | Adv. 05-90423 |
| Smith, Dawn | D. Minn. | 0:05-cv-00937-JRT-FLN |
| Starks, Katherine | JCCP, Sup. Ct.; San Diego County, California | 4360-00021 |
| Strother, Scott | Independence County, Arkansas | CV-2004-294-4 |
| Suarez, Ana | Jud. Dist. Ct.; Harris County, Texas | 2004-19220 |
| Summer, Renee | JCCP, Sup. Ct.; San Diego County, California | 4360-00099 |
| Tatro-Romero, Christine | JCCP, Sup. Ct.; San Diego County, California | 4360-00009 |
| Taylor, Linda | 4th Jud. Dist. Ct.; Duval County, Florida | 04-CA-008537 |
| Thomas, Paul | JCCP, Sup. Ct.; San Diego County, California | 4360-00096 |
| Thompson, Linda | W.D. Mo. (St. Joseph) | 5:05-cv-06051-HFS |
| Thompson, Linda | W.D. Ark. (Fayetteville) | 5:05-cv-05102-RTD |
| Tims, Thomas | Drew County, Arkansas | CV-2004-0211-5 |

**Exhibit A**

636920

| Plaintiff | Jurisdiction* | Civil Action No. |
|---|---|---|
| Tometta, Josephine | JCCP, Sup. Ct.; San Diego County, California | 4360-00010 |
| Tyler, Cindy | E.D. Pa. (Philadelphia) | 2:05-cv-02539-LS |
| Vertigans, Peter | JCCP, Sup. Ct.; San Diego County, California | 4360-00037 |
| Wallen, Donald | W.D. Ark. (Fayetteville) | 5:05-cv-05105-RTD |
| Warnecker, Micki | W.D. Mo. | 4:05-cv-00488-SOW |
| Watkins, Kathleen | Cir. Ct.; St. Louis County, Missouri | 04CC-002553 I CV |
| Watters, Sandra | S.D. Ohio (Cincinnati) | 1:05-cv-00444-MHW |
| Watters, Sherri | S.D. Ohio | 1:05-CV444 |
| Webb, Beverly | D. Kan. (Kansas City) | 2:05-cv-02216-KHV-DJW |
| Welty, Rebecca | JCCP, Sup. Ct.; San Diego County, California | 4360-00025 |
| Whitfield, Derreli | Dist. of Nevada | 3:04-569 |
| Williams, Jerome | Parish of Orleans, Louisiana | 2003-05595 |
| Wittneben, Constance H. | JCCP, Sup. Ct.; San Diego County, California | 4360-00104 |
| Wolter, Colleen | JCCP, Sup. Ct.; San Diego County, California | 4360-00036 |
| Wyrick, Teri & Randy | JCCP, Sup. Ct.; San Diego County, California | 4360-00022 |
|  |  |  |

* Current jurisdiction and court to be notified.  Certain of these actions were pending in state court and were removed primarily by nondebtor defendants.

Due to incomplete information, this list may exclude an action that was pending on the Petition Date but was subsequently dismissed as to all parties, or include such action without noting the subsequent dismissal.

Exhibit A

## Ephedra Actions Transferred to MDL Postpetition
### As of 12/01/05

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Conditional Transfer Order No. | Date Conditional Transfer Order Issued | Effective Date of Transfer Order | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|---|---|---|
| Batty, Joseph | MDL: S.D.N.Y. | 1:05-cv-06333-JSR | 20 | 06/22/05 | 07/08/05 | D. Minn. | 0:05-cv-00936 |
| Karsky, Gloria | MDL: S.D.N.Y. | 1:05-cv-06332-JSR | 20 | 06/22/05 | 07/08/05 | D. Minn. | 0:05-cv-00935-JMR-FLN |
| Smith, Dawn | MDL: S.D.N.Y. | 1:05-cv-06334-JSR | 20 | 06/22/05 | 07/08/05 | D. Minn. | 0:05-cv-00937-JRT-FLN |
| Byrne, Daniel | MDL: S.D.N.Y. | 1:05-cv-006681-JSR | 21 | 06/28/05 | 07/14/05 | E.D. Mo. | 1:05-cv-00076CCDP |
| Durbin, Mark | MDL: S.D.N.Y. | 1:05-cv-06686-JSR | 21 | 06/28/05 | 07/14/05 | W.D. Mo. (Kansas City) | 4:05-cv-00482-DW |
| Martin, Gerald | MDL: S.D.N.Y. | 1:05-cv-06688-JSR | 21 | 06/28/05 | 07/14/05 | W.D. Mo. | 5:05-cv-06050-ODS |
| Norman, Sylvia | MDL: S.D.N.Y. | 1:05-cv-06687-JSR | 21 | 06/28/05 | 07/14/05 | W.D. Mo. (Kansas City) | 4:05-cv-00483-ODS |
| Marty, Charlene | MDL: S.D.N.Y. | 1:05-cv-06836-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Mo. | 4:2005-cv-00461 |
| Mitchell, Falayan | MDL: S.D.N.Y. | 1:05-cv-06830-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Ark. | 5:05-cv-05103-RTD |
| Polys, Karen | MDL: S.D.N.Y. | 1:05-cv-06834-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Mo. (Jefferson City) | 2:05-cv-04158-NKL |
| Scheffert, Marol | MDL: S.D.N.Y. | 1:05-cv-06831-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Ark. (Fayetteville) | 5:05-cv-05104-RTD |
| Scrivener, Kevin | MDL: S.D.N.Y. | 1:05-cv-06837-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Mo. (Kansas City) | 4:05-cv-00462-FJG |
| Thompson, Linda | MDL: S.D.N.Y. | 1:05-cv-06829-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Ark. (Fayetteville) | 5:05-cv-05102-RTD |
| Wallen, Donald | MDL: S.D.N.Y. | 1:05-cv-06832-JSR | 22 | 07/07/05 | 07/25/05 | W.D. Ark. (Fayetteville) | 5:05-cv-05105-RTD |
| Patterson, Pamela | MDL: S.D.N.Y. | 1:05-cv-07218-JSR | 25 | 07/21/05 | 08/08/05 | E.D. Mo. (St. Louis) | 4:05-cv-00763-JCH |
| Green, William | MDL: S.D.N.Y. | 1:05-cv-08402-JSR | 28 | 08/26/05 | 09/13/05 | S.D.S.C. (Columbia) | 3:05-cv-02228-MDL |

637161

1 of 2

**Exhibit B**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Conditional Transfer Order No. | Date Conditional Transfer Order Issued | Effective Date of Transfer Order | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|---|---|---|
| Anderson, Tony | MDL: S.D.N.Y. | 1:05-cv-09061-JSR | 29 | 09/16/05 | 10/04/05 | W.D. Wash. (Tacoma) | 3:05-cv-05438-JKA |
| Brown, Debra | MDL: S.D.N.Y. | 1:04-cv-04279-JSR | 29 | 09/16/05 | 10/04/05 | S.D. Tex. | 4:03-cv-05313 |
| Foley, Susan | MDL: S.D.N.Y. | 1:05-cv-09055-JSR | 29 | 09/16/05 | 10/04/05 | S.D. Fla. | 05-CV-80588 |
| Lane, Richard | MDL: S.D.N.Y. | 1:05-cv-09054-JSR | 29 | 09/16/05 | 10/04/05 | S.D. Fla. | 05-CV-60828 |
| Markowski, King | MDL: S.D.N.Y. | 1:05-cv-09060-JSR | 29 | 09/16/05 | 10/04/05 | N.D. Ohio (Cleveland) | 1:05-cv-01651-DAP |
| Martin, Michelle | MDL: S.D.N.Y. | 1:05-cv-09056-JSR | 29 | 09/16/05 | 10/04/05 | N.D. Ill. | 1:05-cv-03481 |
| Warnecker, Micki | MDL: S.D.N.Y. | 1:05-cv-09058-JSR | 29 | 09/19/05 | 10/04/05 | W.D. Mo. | 4:05-cv-00488-SOW |
| Clark, Max | MDL: S.D.N.Y. | N/A | 31 | 10/18/2005 | 11/3/2005 | S.D. Tex. | 4:05-3351 |

2 of 2

637161

**Exhibit B**

| | | | | |
|---|---|---|---|---|
| **MDL Ephedra Actions**<br>**As of Petition Date** | | | | |
| **Plaintiff** | **MDL-1598** | **Civil Action No.<br>(S.D.N.Y.)** | **Transferring Court** | **Civil Action No. (Transferring<br>Court)** |
| Alaniz, Rosemary | MDL; S.D.N.Y. | 1:04-cv-04279-JSR | S.D. Tex. (Houston) | 4:03-cv-05316 |
| Alexander, Cicley | MDL; S.D.N.Y. | 1:05-cv-03026-JSR | E.D. Va. | 2:05cv00006 |
| Allen, Ronnie | MDL; S.D.N.Y. | 1:05-cv-02476-JSR | S.D. Tex. (Houston) | H-04-3659 |
| Anderson, Jacquelyn | MDL; S.D.N.Y. | 1:05-cv-00148-JSR | S.D. Miss. | 5:04-cv-00259 |
| Atwood, Channin | MDL; S.D.N.Y. | 1:05-cv-05986-JSR | E.D. Pa. | 2:05-cv-01151 |
| Ball, Teresa | MDL; S.D.N.Y. | 1:05-cv-03889-JSR | N.D. Ga. | 1:05-cv-00363 |
| Bartus, Louis | MDL; S.D.N.Y. | 1:04-cv-04275-JSR | S.D. Tex. (Houston) | 4:03-cv-03000 |
| Belew, Teresa | MDL; S.D.N.Y. | 1:05-cv-01020-JSR | N.D. Tex. (Fort Worth) | 4:04-cv-00821 |
| Bell, Bessie | MDL; S.D.N.Y. | 1:05-cv-01003-JSR | N.D. Ala. (Southern) | 2:04-cv-03000 |
| Bishop, Robert | MDL; S.D.N.Y. | 1:05-cv-05135-JSR | D. Md. (Baltimore) | 1:05-cv-00849 |
| Blevins, Mary | MDL; S.D.N.Y. | 1:05-cv-04716-JSR | E.D. Wash. | 2:05-cv-00037 |
| Bogart, James | MDL; S.D.N.Y. | 1:05-cv-02478-JSR | N.D. Okla. | 4:04-cv-00715 |
| Brandl, Joel | MDL; S.D.N.Y. | 1:05-cv-05978-JSR | D. Minn. | 0:05-cv-00480 |
| Brucato, Alicia | MDL; S.D.N.Y. | 1:05-cv-05976-JSR | D. Mass. (Boston) | 1:05-cv-10870 |
| Bryant, Jami | MDL; S.D.N.Y. | 1:05-cv-04711-JSR | E.D. Tex. (Beaumont) | 1:05-cv-0213 |
| Budwig, Laurence | MDL; S.D.N.Y. | 1:05-cv-05968-JSR | S.D. Cal. | 05-cv-847 |
| Bunger, Donna | MDL; S.D.N.Y. | 1:05-cv-04715-JSR | S.D. Tex. (McAllen Div.) | M-05-087 |
| Bunting, Marcia | MDL; S.D.N.Y. | 1:04-cv-09708-JSR | D.N.J. | 3:04-cv-04008 |
| Burney, William | MDL; S.D.N.Y. | 1:04-cv-04224-JSR | S.D. Fla. | 03-cv-62012 |
| Burton, Jennifer | MDL; S.D.N.Y. | 1:04-cv-04219-JSR | S.D. Cal. | 03-cv-00526 |
| Burton, William | MDL; S.D.N.Y. | 1:04-cv-06815-JSR | N.D. Ala. | CV-07-JEO-0574-S |

**Exhibit C**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Busby, Shannon | MDL; S.D.N.Y. | 1:05-cv-00144-JSR | S.D. Miss. (Southern) | 1:04-cv-00754 |
| Cadet, Denise | MDL; S.D.N.Y. | 1:04-cv-04222-JSR | S.D. Fla. (Fort Lauderdale) | 03-60612 |
| Cagle, Hope | MDL; S.D.N.Y. | 1:05-cv-02994-JSR | W.D. Ark. (Fort Smith) | 2:05-cv-02011-JLH |
| Carr, Wanda | MDL; S.D.N.Y. | 1:04-cv-06944-JSR | N.D. Miss. (Delta Div.) | 2:03-cv-00265-MPM |
| Carsey, Roger | MDL; S.D.N.Y. | 1:05-cv-03906-JSR | S.D. Ohio (Columbus) | 2:05-cv-00133-JLG-TPK |
| Carter, Michael | MDL; S.D.N.Y. | 1:04-cv-04284-JSR | W.D. Va. (Danville) | 4:03-cv-00090-nkm-mfu |
| Castagne, Betty | MDL; S.D.N.Y. | 1:04-cv-04284-JSR | D. Mont. (Billings) | 1:04-cv-00129-RWA |
| Chapman, John | MDL; S.D.N.Y. | 1:05-cv-03001-JSR | E.D. Mich. (Detroit) | 2:04-cv-73841-RHC-RSW |
| Chezem, Cheryl | MDL; S.D.N.Y. | 1:04-cv-07363-JSR | N.D. Okla. (Tulsa) | 4:04-cv-00563-CVE-FHM |
| Ciocca, Dominica | MDL; S.D.N.Y. | 1:04-cv-05678-JSR | S.D.N.Y. | 1:04-cv-05678-JSR |
| Collins, Patricia | MDL; S.D.N.Y. | 1:05-cv-00154-JSR | S.D. Tex. (Houston) | 4:04-cv-3709 |
| Connolly, Karin | MDL; S.D.N.Y. | 1:04-cv-06833-JSR | S.D. Tex. (Houston) | 1:04-cv-00245-HJW |
| Crawford, Aubrey | MDL; S.D.N.Y. | 1:05-cv-04058-JSR | N.D. Ga. (Newnan) | 3:04-cv-00092-JTC |
| Crisp, Dorothy | MDL; S.D.N.Y. | 1:04-cv-07639-JSR | S.D. Tex. (Houston) | 4:04-cv-02095 |
| Davenport, David | MDL; S.D.N.Y. | 1:04-cv-07632-JSR | D. Minn. | 0:04-cv-02915-DWF-JSM |
| DeBlasis, Jacalyn | MDL; S.D.N.Y. | 1:04-cv-08208-JSR | S.D. Ohio (Columbus) | 2:04-cv-00542-ALM-NMK |
| Delk, Louis | MDL; S.D.N.Y. | 1:04-cv-06840-JSR | N.D. Tex. (Dallas) | 3:04-cv-00692 |
| Delva, Nicole | MDL; S.D.N.Y. | 1:05-cv-05981-JSR | D.N.J. | 1:05-cv-02135-JEI-JBR |
| Deng, Xiuhui | MDL; S.D.N.Y. | 1:05-cv-03027-JSR | W.D. Wash. (Seattle) | 2:05-cv-00170-MJP |
| Dodson, Carol | MDL; S.D.N.Y. | 1:04-cv-04265-JSR | E.D. Tex. (Beaumont) | 1:03-cv-0636 |
| Drewing, Stella | MDL; S.D.N.Y. | 1:04-cv-04274-JSR | S.D. Tex. (Galveston) | 3:03-cv-00700 |
| Dunham, Barbara | MDL; S.D.N.Y. | 1:05-cv-06821-JSR | D. Kan. (Kansas City) | 2:04-cv-02131-GTV-JPO |
| Edwards, Bobby | MDL; S.D.N.Y. | 1:04-cv-04264-JSR | E.D. Tex. (Beaumont) | 1:03-cv-00584-HC |
| Ehling, Deborah | MDL; S.D.N.Y. | 1:05-cv-05984-JSR | S.D. Ohio (Columbus) | 2:05-cv-00307-MHW-NMK |

**Exhibit C**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Emmons, Elaine | MDL; S.D.N.Y. | 1:05-cv-00145-JSR | S.D. Miss. (Southern) | 1:04-cv-00759-LG-RHW |
| Estedes, Susie | MDL; S.D.N.Y. | 1:05-cv-05972-JSR | E.D. La. (New Orleans) | 05-1670 |
| Evers, M. Timothy | MDL; S.D.N.Y. | 1:05-cv-00157-JSR | S.D. Tex. (Houston) | H-04-3973 |
| Farmer, Janice | MDL; S.D.N.Y. | 1:04-cv-08206-JSR | S.D. Miss. (Southern) | 1:04-cv-00680-LG |
| Ferrell, Horace J. | MDL; S.D.N.Y. | 1:04-cv-04231-JSR | N.D. Ill. (Chicago) | 1:04-cv-01581 |
| Floro, Lauren | MDL; S.D.N.Y. | 1:05-cv-03896-JSR | D. Mass. (Boston) | 1:05-cv-10048-REK |
| Foretich, Shirley | MDL; S.D.N.Y. | 1:05-cv-04713-JSR | N.D. Tex. (Fort Worth) | 4:05-cv-00155 |
| Foster, Kathy | MDL; S.D.N.Y. | 1:05-cv-01023-JSR | W.D. Tex. (Austin) | 04-cv-689 |
| Foussadier, Erika | MDL; S.D.N.Y. | 1:05-cv-04714-JSR | S.D. Tex. (Houston) | 4:05-cv-00937 |
| Freeman, Deborah | MDL; S.D.N.Y. | 1:05-cv-03905-JSR | N.D. Ohio (Cleveland) | 1:05-cv-00171-SO |
| Gaston, Charlene | MDL; S.D.N.Y. | 1:04-cv-03565-JSR | S.D.N.Y. | 1:04-cv-03565-JSR |
| Geist, Richard | MDL; S.D.N.Y. | 1:04-cv-04243-JSR | E.D. Mo. (Hannibal) | 2:04-cv-00011-DJS |
| Glen, Marsha | MDL; S.D.N.Y. | 1:04-cv-06823-JSR | E.D. La. (New Orleans) | 2:04-cv-01414-HGB [Consolidated w/ 2:00-cv-3513] |
| Glinn, Michael | MDL; S.D.N.Y. | 1:05-cv-03000-JSR | D. Kan. (Kansas City) | 2:04-cv-02602-KHV-DJW |
| Graves, Brenda | MDL; S.D.N.Y. | 1:05-cv-03881-JSR | N.D. Ala. (Middle) | 4:05-cv-00210-RBP |
| Gyani, Gupreet | MDL; S.D.N.Y. | 1:05-cv-02367-JSR | S.D.N.Y. | 1:05-2367 |
| Haberer, Sonja | MDL; S.D.N.Y. | 1:04-cv-04217-JSR | S.D. Cal. | 03-cv-524 |
| Hague, Alexander | MDL; S.D.N.Y. | 1:04-cv-05478-JSR | S.D. Tex. (Houston) | 4:03-cv-00215 |
| Hale, Terrice | MDL; S.D.N.Y. | 1:04-cv-05468-JSR | D. Kan. (Topeka) | 5:03-cv-04153-SAC-KG |
| Hart, Phyliss | MDL; S.D.N.Y. | 1:05-cv-03907-JSR | S.D. Tex. (Galveston) | 3:05-cv-00059 |
| Hayes, Joyce | MDL; S.D.N.Y. | 1:05-cv-01014-JSR | W.D. Mo. (St. Joseph) | 5:04-cv-06079-ODS |
| Hoeft, Danielle | MDL; S.D.N.Y. | 1:05-cv-04697-JSR | D. Minn. | 0:05-cv-00479-JNE-SRN |
| Hollerbach, Patricia | MDL; S.D.N.Y. | 1:04-cv-09709-JSR | D.N.J. | 3:04-cv-04117-GEB (Nutraquest case) |
| Holmer, Debbie K. | MDL; S.D.N.Y. | 1:05-cv-02477-JSR | W.D. Wash. (Seattle) | 2:04-cv-02294-JCC |

Exhibit C

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Hudson, Barbara | MDL; S.D.N.Y. | 1:05-cv-00143-JSR | N.D. Miss. (Eastern Division) | 1:04-cv-00317-GHD-JAD |
| Iungerich, Tammy | MDL; S.D.N.Y. | 1:04-cv-06824-JSR | W.D. Mich. (Kalamazoo) | 4:04-cv-00033-WAM |
| Jackson, Sheila | MDL; S.D.N.Y. | 1:04-cv-04277-JSR | S.D. Tex. (Houston) | 4:03-cv-03898 |
| Jarreau, Vicky | MDL; S.D.N.Y. | 1:04-cv-06828-JSR | S.D. Miss. (Jackson) | 3:04-cv-00171-HTW |
| Jones, Carolyn | MDL; S.D.N.Y. | 1:05-cv-04709-JSR | W.D.N.Y. (Rochester) | 6:05-cv-06081-CJS |
| Jones, Dorothy | MDL; S.D.N.Y. | 1:05-cv-03900-JSR | N.D. Miss. (Greenville) | 4:05-cv-00041-WAP-EMB |
| Kalman, Joann | MDL; S.D.N.Y. | 1:05-cv-05983-JSR | N.D. Ohio (Cleveland) | 1:05-cv-00919-KMO |
| Kasko, Richard | MDL; S.D.N.Y. | 1:04-cv-04261-JSR | E.D. Tex. (Beaumont) | 1:03-cv-00534-TH |
| King, Beverly | MDL; S.D.N.Y. | 1:05-cv-05966-JSR | N.D. Ala. | 2:04-cv-03468 WMA |
| Kintyhtt, Bernard | MDL; S.D.N.Y. | 1:04-cv-07633-JSR | D. Minn. | 0:04-cv-03089-DWF-JSN |
| Kress, Terry | MDL; S.D.N.Y. | 1:05-cv-03882-JSR | S.D. Cal. | 05-cv-218 |
| Kundrat, Robert | MDL; S.D.N.Y. | 1:04-cv-04249-JSR | N.D. Ohio | 1:03-cv-02231-DAP |
| Kutz, Jacqueline | MDL; S.D.N.Y. | 1:05-cv-02999-JSR | S.D. Ill. | 3:04-cv-00974-WDS-CJP |
| La Rosa, Tracey | MDL; S.D.N.Y. | 1:05-cv-01004-JSR | W.D. Ark. | 5:04-cv-05293-RTD |
| Lain, Courtney | MDL; S.D.N.Y. | 1:05-cv-02475-JSR | E.D. Tex. | 5:2004-cv-00275 |
| Lang, Joshua | MDL; S.D.N.Y. | 1:05-cv-02472-JSR | M.D. Ga. | 5:04-cv-00420-WDO |
| Langston, Larry | MDL; S.D.N.Y. | 1:04-cv-04212-JSR | N.D. Ala. | 2:02-cv-02352 LSC |
| Lebrun, Leonard | MDL; S.D.N.Y. | 1:05-cv-02995-JSR | D. Ariz. | CV 04 2668 |
| Lewicki, Francine | MDL; S.D.N.Y. | 1:05-cv-03883-JSR | D. Conn. | 3:05-cv-00278-JCH |
| Lewis, Bruce | MDL; S.D.N.Y. | 1:05-cv-01022-JSR | S.D. Tex. | 4:04-cv-04146 |
| Longoria, Leo | MDL; S.D.N.Y. | 1:04-cv-08317-JSR | Bankr. S.D. Tex. (McAllen) | 04-07011 (Adv. Proc.) |
| Lott, Karen | MDL; S.D.N.Y. | 1:04-cv-06834-JSR | S.D. Ohio | 2:04-cv-00062-EAS-NMK |
| Louis, Esther | MDL; S.D.N.Y. | 1:05-cv-05974-JSR | E.D. La. | 2:05-cv-01674-MVL-DEK |
| Lozano, Juan | MDL; S.D.N.Y. | 1:04-cv-04282-JSR | S.D. Tex. | 7:03-cv-00370 |

Exhibit C

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Maddox, Sharon | MDL; S.D.N.Y. | 1:05-cv-03014-JSR | W.D. Mo. | 4:04-cv-01161-FJG |
| Marlow, Joanne | MDL; S.D.N.Y. | 1:04-cv-02887-JSR | S.D. Cal. | 3:2001-cv-02306 |
| Marshall, Robert | MDL; S.D.N.Y. | 1:04-cv-04276-JSR | S.D. Tex. | 4:03-cv-03058 |
| Mauldin, Linda | MDL; S.D.N.Y. | 1:04-cv-06827-JSR | S.D. Miss. | 2:04-cv-00124-WHB |
| Mayfield-Fleming, Ellen | MDL; S.D.N.Y. | 1:05-cv-00142-JSR | E.D. Mich. | 2:04-cv-73842-AJT |
| Mazola, Rhea | MDL; S.D.N.Y. | 1:04-cv-05471-JSR | D. Minn. | 0:03-cv-05777-JNE-RLE |
| McClure, Cheryl | MDL; S.D.N.Y. | 1:04-cv-09357-JSR | N.D. Okla. | 4:04-cv-00716-JOE-SAJ |
| McCollom, Scott | MDL; S.D.N.Y. | 1:05-cv-04702-JSR | W.D. Mo. | 4:05-cv-00232-SOW |
| McGuire, Peggy | MDL; S.D.N.Y. | 1:04-cv-05476-JSR | E.D. Tex. | 1:04-cv-00132-RHC |
| Missino, Rebecca | MDL; S.D.N.Y. | 1:05-cv-05975-JSR | E.D. La. | 2:05-cv-01675-MVL-ALC |
| Morgan, Chad | MDL; S.D.N.Y. | 1:05-cv-03015-JSR | W.D. Mo. | 4:05-cv-00067-HFS |
| Morgan, Jaclyn | MDL; S.D.N.Y. | 1:04-cv-04233-JSR | N.D. Ill. | 1:04-cv-01589 |
| Morrissey, Darla | MDL; S.D.N.Y. | 1:05-cv-03892-JSR | N.D. Ill. | 3:05-cv-50027 |
| Motley, Charles | MDL; S.D.N.Y. | 1:05-cv-01013-JSR | W.D. Mo. | 4:04-cv-00784-DW |
| Murray, Roy | MDL; S.D.N.Y. | 1:04-cv-06817-JSR | S.D. Ala. | 1:03-cv-00826-BHC |
| Nash, Steven | MDL; S.D.N.Y. | 1:05-cv-04701-JSR | W.D. Mo. (Kansas City) | 4:04-cv-00207-ODS |
| Nelsen, Michelle | MDL; S.D.N.Y. | 1:05-cv-03023-JSR | D. Utah (Central) | 2:04-cv-01194-TS |
| Nichols, Cheryl | MDL; S.D.N.Y. | 1:04-cv-09352-JSR | W.D. Mo. (Kansas City) | 4:04-cv-00782-HFS |
| Nix, Diane | MDL; S.D.N.Y. | 1:05-cv-03902-JSR | S.D. Miss. (Hattiesburg) | 2:05-cv-00049-KS-JMR |
| Novosel, Nancy | MDL; S.D.N.Y. | 1:05-cv-04700-JSR | D. Minn. | 0:05-cv-00543-PAM-RLE |
| Oppenheim, James | MDL; S.D.N.Y. | 1:05-cv-03891-JSR | N.D. Ill. (Chicago) | 1:05-cv-00622 |
| Ortegon, Claudia | MDL; S.D.N.Y. | 1:04-cv-04281-JSR | S.D. Tex. (McAllen Div.) | 7:03-cv-00167 |
| Parks, Johnny | MDL; S.D.N.Y. | 1:05-cv-04703-JSR | W.D. Mo. (Kansas City) | 4:05-cv-00233-DW |
| Parks, Morris J. | MDL; S.D.N.Y. | 1:05-cv-01021-JSR | S.D. Tex. (Galveston) | 3:04-cv-00556 |

**Exhibit C**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Parsley, Lugene | MDL; S.D.N.Y. | 1:03-cv-09266-JSR | Circ. Ct., Illinois (State Court Case) | 03-L-537 |
| Patterson, Henry | MDL; S.D.N.Y. | 1:05-cv-03901-JSR | S.D. Miss. (Southern) | 1:05-cv-00081-LF-RHW |
| Pawlowski, Conrad | MDL; S.D.N.Y. | 1:04-cv-09351-JSR | E.D. Mich. (Detroit) | 2:04-cv-72239-RHC-RSW |
| Pettis, Thomas | MDL; S.D.N.Y. | 1:04-cv-07625-JSR | S.D. Ala. (Mobile) | 1:04-cv-00432-CG-M |
| Portillo, Gerald | MDL; S.D.N.Y. | 1:04-cv-04239-JSR | D. Kan. (Kansas City) | 2:04-cv-2032-KHV-DJW |
| Quaile, Audrey | MDL; S.D.N.Y. | 1:05-cv-01009-JSR | D. Kan. (Kansas City) | 2:04-cv-02345-KHV-JPO |
| Ramey, Debbie | MDL; S.D.N.Y. | 1:04-cv-04218-JSR | S.D. Cal. | 03-cv-0525-BTM-RBB |
| Ramirez, Amber | MDL; S.D.N.Y. | 1:05-cv-00155-JSR | S.D. Tex. (Houston) | H-04-3721 |
| Randle, Margaret | MDL; S.D.N.Y. | 1:05-cv-01012-JSR | E.D. Mo. (St. Louis) | 4:04-cv-01540-FRB |
| Rather, Fred | MDL; S.D.N.Y. | 1:04-cv-08306-JSR | S.D. Tex. (Galveston) | 3:04-cv-00309 |
| Reynolds, Cynthia | MDL; S.D.N.Y. | 1:05-cv-03897-JSR | E.D. Mo. (Eastern Division) | 4:05-cv-00179-CAS |
| Rhome, Nancy | MDL; S.D.N.Y. | 1:04-cv-08555-JSR | W.D. Pa. (Pittsburgh) | 2:02-cv-01461-JFC |
| Richardson, Brandon | MDL; S.D.N.Y. | 1:04-cv-06844-JSR | W.D. Wash. (Tacoma) | 3:04-cv-05252-RJB |
| Riordan, Donald | MDL; S.D.N.Y. | 1:04-cv-07626-JSR | W.D. Ark. (Fayetteville) | 5:04-cv-05152-RTD |
| Roaf, Derek | MDL; S.D.N.Y. | 1:05-cv-00159-JSR | E.D. Wis. (Milwaukee) | 2:04-cv-00907-TJC |
| Robertson, Rhealene | MDL; S.D.N.Y. | 1:05-cv-03013-JSR | E.D. Mo. (St. Louis) | 4:04-cv-01823-FRB |
| Romancik, Genevieve | MDL; S.D.N.Y. | 1:04-cv-04283-JSR | W.D. Tex. (El Paso) | 03-cv-278 |
| Ross, Mearlean | MDL; S.D.N.Y. | 1:05-cv-00146-JSR | S.D. Miss. (Jackson) | 3:04-cv-00821-HTW-JCS |
| Rowe, Duane | MDL; S.D.N.Y. | 1:04-cv-04253-JSR | E.D. Pa. (Philadelphia) | 2:03-cv-043646-MMB |
| Rubio, Melissa | MDL; S.D.N.Y. | 1:05-cv-05967-JSR | D. Ariz. (Phoenix) | 2:05-cv-00669-SMM |
| Rutherford, Ken | MDL; S.D.N.Y. | 1:05-cv-00150-JSR | S.D. Ohio (Cincinnati) | 1:04-cv-00545-SSB-TSH |
| Schlafhauser, Shelli | MDL; S.D.N.Y. | 1:04-cv-02891-JSR | W.D. Pa. (Pittsburgh) | 2:02-cv-01450-DSC |
| Schmidt, Mark | MDL; S.D.N.Y. | 1:04-cv-04220-JSR | S.D. Cal. | 03-cv-730 |
| Schrader, Rebecca | MDL; S.D.N.Y. | 1:04-cv-04270-JSR | E.D. Tex. (Lufkin) | 9:03-cv-00318-TH |

Exhibit C

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Shupe , Terry | MDL; S.D.N.Y. | 1:04-cv-07640-JSR | S.D. Tex. (Houston) | 4:04-cv-02525 |
| Sinegal, Sandra | MDL; S.D.N.Y. | 1:04-cv-02892-JSR | E.D. Tex. (Beaumont) | 1:03-cv-00092-HC |
| Singleton, Marion | MDL; S.D.N.Y. | 1:04-cv-04260-JSR | E.D. Tex. (Beaumont) | 1:03-cv-00533-HC |
| Skinner, Rosie | MDL; S.D.N.Y. | 1:05-cv-00156-JSR | S.D. Tex. (Houston) | 4:04-cv-03723 |
| Snyder, Lisa | MDL; S.D.N.Y. | 1:05-cv-00139-JSR | S.D. Ind. (Indianapolis) | 1:04-cv-01609-LJM-WTL |
| Surratt, Christopher | MDL; S.D.N.Y. | 1:05-cv-01017-JSR | W.D.N.C. (Asheville) | 1:04-cv-00232 |
| Talavera, Irene | MDL; S.D.N.Y. | 1:04-cv-06820-JSR | N.D. Ill. (Chicago) | 1:04-cv-01629 |
| Thibodaux, Flossie | MDL; S.D.N.Y. | 1:04-cv-04250-JSR | N.D., Ohio (Cleveland) | 1:04-cv-00266-DAP |
| Thomas, James | MDL; S.D.N.Y. | 1:04-cv-07628-JSR | S.D. Ill. (East St. Louis) | 3:04-cv-00439-GPM-CJP |
| Thomas, June | MDL; S.D.N.Y. | 1:04-cv-07501-JSR | S.D.N.Y. | 1:04-cv-07501-JSR |
| Thuemau, Mark | MDL; S.D.N.Y. | 1:04-cv-07634-JSR | E.D. Mo. (St. Louis) | 4:04-cv-00693-HEA |
| Tiskevich, James | MDL; S.D.N.Y. | 1:04-cv-06772-JSR | N.D. Ill. (Chicago) | 1:04-cv-01591 |
| Todd, Barbara | MDL; S.D.N.Y. | 1:05-cv-03899-JSR | N.D. Miss. (Delta Division) | 2:05-cv-00046-WAP-EMB |
| Townsend, Gary | MDL; S.D.N.Y. | 1:04-cv-02896-JSR | N.D. Tex. (Dallas) | 3:03-cv-01353 |
| Troupe, Antoinette | MDL; S.D.N.Y. | 1:04-cv-04244-JSR; 1:04-cv-04891-JSR | E.D. Mo. (St. Louis) | 4:04-cv-00232-SNL |
| Troutman, Alison | MDL; S.D.N.Y. | 1:04-cv-07629-JSR | S.D. Ind. (Indianapolis) | 1:04-cv-00875-RLY-TAB |
| Tutka, Kathleen | MDL; S.D.N.Y. | 1:04-cv-06816-JSR | N.D. Ala. (Northeastern) | 5:04-cv-00431-CLS |
| Upson, Dianna | MDL; S.D.N.Y. | 1:04-cv-04214-JSR | N.D. Ala. (Western) | 7:03-cv-01034-KOB |
| Van Buren, Gregory A. | MDL; S.D.N.Y. | 1:04-cv-08209-JSR | N.D. Tex. (Dallas) | 3:04-cv-01508 |
| Vasquez, Sergio | MDL; S.D.N.Y. | 1:05-cv-01019-JSR | N.D. Tex. (Forth Worth) | 4:04-cv-00756 |
| Vaughn, Dennis | MDL; S.D.N.Y. | 1:04-cv-04263-JSR | E.D. Tex. (Beaumont) | 1:03-cv-00562-RC |
| Violette, Damon | MDL; S.D.N.Y. | 1:04-cv-04251-JSR | D. Or. (Portland) | 3:04-cv-00187-AS |
| Vnencak, James | MDL; S.D.N.Y. | 1:04-cv-06829-JSR | D.N.J. (Newark) | 2:04-cv-00501-HAA-GDH |
| Waltman, Michael | MDL; S.D.N.Y. | 1:05-cv-04705-JSR | S.D. Miss. (Hattiesburg) | 2:05-cv-00083-KS-JMR |

Exhibit C

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| Waltman, Willie | MDL; S.D.N.Y. | 1:04-cv-06818-JSR | S.D. Ala. (Mobile) | 1:04-cv-00080-CG-B |
| Walton, Rosie | MDL; S.D.N.Y. | 1:05-cv-03903-JSR | S.D. Miss. (Western) | 5:05-cv-00023-DCB-JCS |
| Washington, Cheryl | MDL; S.D.N.Y. | 1:05-cv-05973-JSR | E.D. La. (New Orleans) | 2:05-cv-01673-LMA-JCW |
| Watkins, Edward | MDL; S.D.N.Y. | 1:05-cv-01010-JSR | D. Md. (Baltimore) | 1:04-cv-03849-SMN |
| Watson, Charles | MDL; S.D.N.Y. | 1:04-cv-04278-JSR | S.D. Tex. (Houston) | 4:03-cv-043357 |
| Watson, William | MDL; S.D.N.Y. | 1:05-cv-04693-JSR | N.D. Ala. (Northeastern) | 5:05-cv-00298-SLB |
| Weber, Diane | MDL; S.D.N.Y. | 1:04-cv-04248-JSR | W.D.N.Y. (Rochester) | 6:03-cv-06063-MAT-JWF |
| Weeks, Cynthia | MDL; S.D.N.Y. | 1:04-cv-04221-JSR | S.D. Cal. (San Diego) | 3-cv-731 |
| Weimer, Terry | MDL; S.D.N.Y. | 1:05-cv-04698-JSR | D. Minn. | 0:05-cv-00481-JRT-FLN |
| Wellman, Linda | MDL; S.D.N.Y. | 1:04-cv-04273-JSR | S.D. Tex. (Galveston) | 3:03-cv-00574 |
| Wells, Richard | MDL; S.D.N.Y. | 1:04-cv-08204-JSR | D. Minn. | 0:04-cv-03446-MJD-JGL |
| Westfall, Willard | MDL; S.D.N.Y. | 1:04-cv-04255-JSR | E.D. Pa. (Philadelphia) | 2:04-cv-01117-SD |
| Wigginton, Elizabeth | MDL; S.D.N.Y. | 1:04-cv-05466-JSR | S.D. Ill. (East St. Louis) | 3:03-cv-00384-DRH-CJP |
| Wilfong, Saylor | MDL; S.D.N.Y. | 1:05-cv-00160-JSR | N.D.W. Va. (Clarksburg) | 1:04-cv-205 |
| Williams, Sharon | MDL; S.D.N.Y. | 1:04-cv-07638-JSR | M.D. Tenn. (Nashville) | 3:04-cv-00662 |
| Winsor, George | MDL; S.D.N.Y. | 1:04-cv-02890-JSR | D. Mass. (Boston) | 1:02-cv-10387-JLT |
| Wolf, Judith | MDL; S.D.N.Y. | 1:05-cv-03012-JSR | E.D. Mo. (St. Louis) | 4:04-cv-01822-CAS |
| Wood, Jerry | MDL; S.D.N.Y. | 1:04-cv-04245-JSR | E.D. Mo. (St. Louis) | 4:04-cv-00233-DJS |
| Wright, Paul | MDL; S.D.N.Y. | 1:04-cv-04035-JSR | M.D. Tenn. (Nashville) | 3:03-cv-00809 |
| Wright, Robert | MDL; S.D.N.Y. | 1:05-cv-05969-JSR | M.D. Fla. (Tampa) | 8:05-cv-00665-EAK-MAP |
| Yarwood, Douglas | MDL; S.D.N.Y. | 1:04-cv-06825-JSR | E.D. Mo. (St. Louis) | 4:04-cv-00133-ERW |
|  |  |  |  |  |

Due to incomplete information, this list may exclude an action that was pending on the Petition Date but was subsequently dismissed as to all parties, or include such action without noting the subsequent dismissal.

**Exhibit C**

| Plaintiff | MDL-1598 | Civil Action No. (S.D.N.Y.) | Transferring Court | Civil Action No. (Transferring Court) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

637157

**Exhibit C**

CASE: 3:06-CV-00537

WILLIAM M LOW, ESQ
HIGGS FLETCHER AND MACK
401 WEST A STREET
SUITE 2600
SAN DIEGO CA  92101

------------------------------

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------x

OTTO LOSER and NINA LOSER,                              :

                              Plaintiffs,               :    Index No. 17279

              -against-                                 :    Case No.

                                                        :    Venue is based upon Plaintiff's residence in
                                                        :    the city of Middle Village, New York.

METABOLIFE INTERNATIONAL, INC.; THE                    :
CHEMINS COMPANY, INC.; ENFORMA                          :
NATURAL PRODUCTS, INC.; NATURE'S                        :
BOUNTY, INC.; TELEBRANDS                                :
CORPORATION; and TV SAVINGS, LLC                        :

                              Defendants.               :
--------------------------------------------------------x

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the undersigned Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service; and in case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       New York, New York
             July 29, 2002

**Defendant's Address:**

The Chemins Company, Inc.
1835 East Cheyenne Road
Colorado Springs, CO 80906

**Attorneys for Plaintiff:**

**SEEGER WEISS LLP**
One William Street
New York, New York 10004
(212) 584-0700

By: _____
         Christopher A. Seeger

04 JUL 29 PM 4:32

RECEIVED
QUEENS COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------x

OTTO LOSER and NINA LOSER,

                    Plaintiffs,

        -against-

METABOLIFE INTERNATIONAL, INC.; THE
CHEMINS COMPANY, INC.; ENFORMA
NATURAL PRODUCTS, INC.; NATURE'S
BOUNTY, INC.; TELEBRANDS
CORPORATION; and TV SAVINGS, LLC

                   Defendants.

------------------------------------------------------x

Index No.

Case No.

Venue is based upon Plaintiff's residence in
the city of Middle Village, New York.

**TO THE ABOVE NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and
to serve a copy of your answer on the undersigned Plaintiff's Attorneys within 20 days
after the service of this summons, exclusive of the day of service; and in case of your
failure to answer, judgment will be taken against you by default for the relief demanded
in the complaint.

Dated:      New York, New York
             July 29, 2002

**Defendant's Address:**

Metabolife International, Inc.
5643 Copley Drive
San Diego, CA 92111

**Attorneys for Plaintiff:**

**SEEGER WEISS LLP**
One William Street
New York, New York 10004
(212) 584-0700

By: _____
       Christopher A. Seeger

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------x

OTTO LOSER and NINA LOSER,

                          Plaintiffs,

              -against-

METABOLIFE INTERNATIONAL, INC.; THE
CHEMINS COMPANY, INC.; ENFORMA
NATURAL PRODUCTS, INC.; NATURE'S
BOUNTY, INC.; TELEBRANDS
CORPORATION; and TV SAVINGS, LLC

                        Defendants.

-------------------------------------------------------x

Index No.

Case No.

Venue is based upon Plaintiff's residence in
the city of Middle Village, New York.

**TO THE ABOVE NAMED DEFENDANTS:**

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and
to serve a copy of your answer on the undersigned Plaintiff's Attorneys within 20 days
after the service of this summons, exclusive of the day of service; and in case of your
failure to answer, judgment will be taken against you by default for the relief demanded
in the complaint.

Dated:      New York, New York
            July 29, 2002

**Defendant's Address:**

Enforma Natural Products, Inc.
15260 Ventura Boulevard, Suite 1240
Sherman Oaks, CA 91403

**Attorneys for Plaintiff:**

**SEEGER WEISS LLP**
One William Street
New York, New York 10004
(212) 584-0700

By: _____
          Christopher A. Seeger

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------x

OTTO LOSER and NINA LOSER,

                     Plaintiffs,

          -against-

METABOLIFE INTERNATIONAL, INC.; THE
CHEMINS COMPANY, INC.; ENFORMA
NATURAL PRODUCTS, INC.; NATURE'S
BOUNTY, INC.; TELEBRANDS
CORPORATION; and TV SAVINGS, LLC

                    Defendants.

------------------------------------------------------x

Index No.

Case No.

Venue is based upon Plaintiff's residence in
the city of Middle Village, New York.

**TO THE ABOVE NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and
to serve a copy of your answer on the undersigned Plaintiff's Attorneys within 20 days
after the service of this summons, exclusive of the day of service; and in case of your
failure to answer, judgment will be taken against you by default for the relief demanded
in the complaint.

Dated:      New York, New York
             July 29, 2002

**Defendant's Address:**

Nature's Bounty, Inc.
90 Orville Drive
Bohemia, NY 11716

**Attorneys for Plaintiff:**

**SEEGER WEISS LLP**
One William Street
New York, New York 10004
(212) 584-0700

By: _____
      Christopher A. Seeger

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------x
OTTO LOSER and NINA LOSER,                        :
                                                  :
                        Plaintiffs,               :    Index No.
                                                  :
            -against-                             :    Case No.
                                                  :
                                                  :    Venue is based upon Plaintiff's residence in
                                                  :    the city of Middle Village, New York.
                                                  :
METABOLIFE INTERNATIONAL, INC.; THE               :
CHEMINS COMPANY, INC.; ENFORMA                    :
NATURAL PRODUCTS, INC.; NATURE'S                  :
BOUNTY, INC.; TELEBRANDS                          :
CORPORATION; and TV SAVINGS, LLC                  :
                                                  :
                        Defendants.               :
------------------------------------------------------------x

**TO THE ABOVE NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and
to serve a copy of your answer on the undersigned Plaintiff's Attorneys within 20 days
after the service of this summons, exclusive of the day of service; and in case of your
failure to answer, judgment will be taken against you by default for the relief demanded
in the complaint.

Dated:        New York, New York
              July 29, 2002

**Defendant's Address:**

Telebrands Corporation
One Telebrands Plaza
79 Two Bridges Road
Fairfield, NJ 07004

**Attorneys for Plaintiff:**

**SEEGER WEISS LLP**
One William Street
New York, New York 10004
(212) 584-0700

By: _____
        Christopher A. Seeger

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------x
OTTO LOSER and NINA LOSER,                    :
                                              :
                           Plaintiffs,        :    Index No.
                                              :
              -against-                        :    Case No.
                                              :
                                              :    Venue is based upon Plaintiff's residence in
                                              :    the city of Middle Village, New York.
                                              :
METABOLIFE INTERNATIONAL, INC.; THE           :
CHEMINS COMPANY, INC.; ENFORMA               :
NATURAL PRODUCTS, INC.; NATURE'S              :
BOUNTY, INC.; TELEBRANDS                      :
CORPORATION; and TV SAVINGS, LLC             :
                                              :
                           Defendants.        :
---------------------------------------------------------x

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and
to serve a copy of your answer on the undersigned Plaintiff's Attorneys within 20 days
after the service of this summons, exclusive of the day of service; and in case of your
failure to answer, judgment will be taken against you by default for the relief demanded
in the complaint.

Dated:        New York, New York
              July 29, 2002

**Defendant's Address:**

TV Savings, LLC
One Telebrands Plaza
79 Two Bridges Road
Fairfield, NJ 07004

**Attorneys for Plaintiff:**

**SEEGER WEISS LLP**
One William Street
New York, New York 10004
(212) 584-0700

By: _____
         Christopher A. Seeger

SUPREME COURT FOR THE STATE OF NEW YORK
QUEENS COUNTY

------------------------------------------------------------x--

OTTO LOSER and NINA LOSER,                   :
                                             :
              Plaintiffs,            : Index No.
                                             :
           v.                           : Case No.
                                             :
METABOLIFE INTERNATIONAL, INC.; THE          : **COMPLAINT**
CHEMINS COMPANY, INC.; ENFORMA               :
NATURAL PRODUCTS, INC.; NATURE'S             :
BOUNTY, INC.; TELEBRANDS CORPORATION;        :
and TV SAVINGS, LLC                          :
                                             :
             Defendants.          :

------------------------------------------------------------x--

Plaintiffs Otto Loser and Nina Loser, for their Complaint, do hereby aver as follows:

1.      Plaintiff Otto Loser and Nina Loser bring this civil action for the  physical injury and damage,  a large right hemispheric stroke, sustained by Otto Loser as a result of his ingestion of certain Ephedra/Caffeine dietary supplements derived from the Chinese herb ma huang.

2.      According to the Food and Drug Administration (hereinafter referred to as the "FDA") at least 88 persons have died as a result of ephedra ingestion.

3.      On September 5, 2001 the public interest group Public Citizen petitioned for a ban on the production and sale of dietary supplements containing ephedrine alkaloids, citing adverse event reports hereinafter referred to as  "AERs")  that showed that "ephedrine alkaloids are the most lethal and otherwise dangerous dietary supplements."

4.      On October 8, 2002 the American Medical Association (hereinafter referred to as the "AMA")  urged the FDA to remove dietary supplements containing ephedra from the market.  The AMA cited adverse effects on the cardiovascular and central nervous systems like cardiac arrhythmias, heart attacks, strokes, seizures and sudden death.  These adverse events appeared in previously healthy persons, as well as thise with risk factors for such conditions.

5.      In February 2003, the FDA cautioned against ephedra use after the RAND Corporation released results of a federally sponsored study that examined available information on products containing ephedra and the drug ephedrine.  The RAND Corporation reviewed 15,000 AERs which revealed deaths, heart attacks, strokes and seizures where ephedra was ingested for which no other contributing factors were identified.

6.      Ma huang (ephedra), a Chinese herb, has been used for centuries as a cold remedy and is usually ingested in tea made from the ephedra plant.  Ephedra is a shrub-like plant that grows in desert regions.  The stems of the three Asian species, *Ephedra sinica, Ephedra intermedia,* and *Ephedra equisetina* are dried and used to treat short- term inflammation of the lungs due to the common cold and

2

asthma.  As a cold remedy, ephedra is not combined with caffeine and is recommended for short- term use.

7.      Ephedra's active ingredients are the ephedrine alkaloids, which include

ephedrine, pseudoephedrine, methlephedrine, and norpseuroephedrine.  Norephedrine is also known as

phenylpropanolamine ("PPA"), which as recently banned by the FDA.  Both ephedrine and ephedra stimulate

the central nervous system, dilate the bronchial tubesm elevate blood pressure, and increase heart rate.

8.      The FDA has recommended that ephedrine alkaloids be taken in doses no

larger than 8 mg per serving, no more often than every 6 hours, and not to exceed 24 mg per day.

Manufacturers are required by law to declare the amount of ephedrine alkaloids in each serving.

9.      In 1983, the FDA banned all over-the-counter drugs that contained both

synthetic ephedrine and caffeine.  The ban was initiated due to concerns over the dangerous interaction

between ephedrine and caffeine that can lead to stroke, seizure, and heart attack.

10.      In 1989, Michael Ellis, CEO of Metabolife Intl., claimed that he had

concocted the herbal remedy that eventually became Metabolife to give his father, who suffered from cancer,

more energy.  Ellis' first ephedrine and caffeine product, a precursor to Metabolife, was called Nepegen356.

11.      In the 1990s, regulatory agencies such as the FDA and poison control

centers began receiving AERs concerning ephedrine.  The FDA Division of Health and Human Services

("HHS") began officially documenting report of AERs.

12.      In July 1993, the FDA issued its first warning about the possible safety

problems of dietary supplements containing ephedrine alkaloids.  The FDA had received reports of

hypertension, palpitation, neuropathy (nerve damage), myopathy (muscle damage), psychosis, stroke, and

memory associated with ephedrine alkaloids.

12.      In early 1994, some states began considering regulation and prohibition of

supplements containing ephedrine.

14.      Also, in early 1994, Ellis commissioned limited toxicology studies on

3

Nepegen356 in China. Toxicity studies were performed on dogs and rats. Texas moved to ban the product. The studies were rushed through Chinese scientists and the studies were used as evidence of safety during the Texas hearing even though it did not appear that the studies were completed.

15.     In August 1994, the FDA advisory panel recommended that ephedrine in any form be removed from over-the-counter status.

16.     In October of 1994, Congress passed the Dietary Supplemental Health and Education Act, which amended the Federal Food, Drug, and Cosmetic Act to govern the United States marketing of dietary supplement products.

17.     In 1995, the FDA proposed a ban on all existing over-the-counter ephedrine products.

18.     In May 1995, the Texas Department of Health held a hearing intended to ban or heavily regulate ephedrine products. Michael Ellis and James Cameron testified at the hearings for Metabolife about the Chinese studies. James Cameron (owner of Chemins, the contract manufacturer of Nepegen and Metabolife) tested another product, Formula 118, in the animal studies with Nepegen 356. He was later accused of adding chemical ephedrine hydrochloride to Formula 118. The U.S. Attorney in Denver, Colorado prosecuted him criminally.

19.     In April 1996, the FDA warned consumers not to buy or use ephedrine dietary supplements with labels portraying products as alternatives to illegal street drugs because they posed significant health risks.

20.     In April 1996, the FDA issued warnings about ephedra due to increasing AERs and an AER hotline was established.

21.     In June 1997, the FDA proposed a Dietary Supplements Containing Ephedrine Alkaloids Federal Register. The proposal sought to prohibit the marketing of dietary supplements containing 8 mg or more of ephedrine alkaloids per serving. The proposal would require label statements

4

instructing consumers not to use the product for more than 7 days and would not allow label claims for uses for which long-term intake would be necessary to achieve the purported effect. These safety measures were based on the fact that long-term intake of ephedrine alkaloids increase the likelihood of serious adverse events. The proposal would also apply to products with claims that encouraged short-term excessive intake to enhance the claimed effect, such as energy enhancement. Such products would be required to bear a labeling statement that "taking more than the recommended serving may result in heart attack, stroke, seizure or death." The proposal would prohibit the use of other stimulant ingredients such as botanical sources of caffeine with ephedrine alkaloids because the combination increases the stimulant effect, increasing the chance of consumer injury.

22.     In December 2000, the *New England Journal of Medicine* published an article entitled "Adverse Cardiovascular and Central Nervous System Events Associated with Dietary Supplements Containing Ephedrine Alkaloids," which found that AERs included reports of palpitations, tachycardia, stroke, seizures, death, and permanent disability.

23.     In June 2001, the Canadian government warned Canadians not to use ephedra dietary products.

24.     In September 2001, the public interest group Public Citizen Health Research Group petitioned the FDA to ban all dietary supplements containing ephedrine alkaloids. The petition results of an FDA memo finding that there were more reports of death, heart arrhythmias, strokes, heart attacks, hypertension and seizures for ephedrine alkaloids than for all other dietary supplements combined.

25.     On January 9, 2002, Canada requested an immediate recall of products containing ephedra and/or ephedrine due to concerns that it could cause heart attacks, seizures, and psychotic episodes.

26.     In August 2002, the Army and Air Force commissaries and post exchanges banned the sale of ephedrine alkaloid dietary supplements following reports of more than 30 deaths in active

5

duty military personnel (previous bans had occurred on Navy and Marine bases.)

27.     In September 2002, California Governor Gray Davis signed into law two

bills requiring strong warning labels on products that contained ephedrine, saying that the federal government

had not been aggressive enough in labeling the supplement.

28.     Several days after the California bill was passed, the HHS Secretary Tommy G. Thompson asked the

FDA to recommend mandatory warning labels for the ephedra products and said the regulatory agency was

developing good manufacturing practices for dietary supplements.  The good manufacturing practices allowed

under the Dietary Supplement Health Education Act are similar to the standards that over-the-counter

manufacturers follow to ensure the products purchased by consumers contain what the label indicates.

29.     On October 9, 2002, Thompson announced that he had asked the FDA to evaluate the best scientific

evidence available and recommend the strongest possible mandatory warning label for ephedra products.

30.     On February 28, 2003, the RAND Corporation, under contract with the HHS, released results of a

review of all available sources of information on dietary supplements containing ephedrine alkaloids.  The

study found that ephedra is associated with higher risks of mild to moderate side effects such as heart

palpations, psychiatric and upper gastrointestinal effects, and symptoms of autonomic hyperactivity such as

tremor and insomnia, especially when it is taken with other stimulants.

31.     Also on February 28, 2003, the FDA reopened the comment period for 30

days for the  proposed rule entitled "Dietary Supplements Containing Ephedrine Alkaloids" that was published

in the Federal Register of June 4, 1997.  The FDA reopened the comment period to receive comments on new

evidence that had been discovered concerning the health risks associated with ephedrine alkaloids.

32.     On February 11, 2003, the Suffolk County, New York legislature approved a total ban on the sale of

dietary supplements containing ephedra.

33.     On March 5, 2003, California Senator Jackie Speier initiated a bill that would prohibit the sale of

supplements containing ephedra.

6

34.     On May 2, 2003, General Nutrition Centers ("GNC") announced that it would discontinue the sale of all ephedra-based products by the end of June 2003.

**Parties**

35.     Plaintiffs, Otto Loser (hereinafter "plaintiff") and Nina Loser (hereinafter "plaintiff-spouse") (hereinafter collectively referred to as "plaintiffs"), are husband and wife and adult individuals residing at 61-12 71ˢᵗ Street, Middle Village, Quee

36.     All Defendants are the manufacturers, marketers, wholesalers, designers, distributors and sellers of dietary supplements and/or compounds containing and/or comprising of Ephedra and Caffeine (hereinafter collectively referred to as "the supplements").  These defendants are:

37.     Metabolife International, Inc. (hereinafter "Metabolife"), a California corporation doing business in the State of New York and County of Queens  with its principal place of business located at 5643 Copley Drive, San Diego, CA 92111, and which at all relevant times was the designer, manufacturer, marketer, distributor and/or seller of the Ephedra/Caffeine containing dietary supplement Metabolife 356, which was developed, manufactured and transported to New York, and sold to residents of New York, in interstate commerce;

38.     The Chemins Company, Inc. (hereinafter "Chemins"), a Colorado corporation doing business in the State of New York and County of Queens  with its principal place of business located at 1835 East Cheyenne Road, Colorado Springs, CO 80906, and which at all relevant times was the supplier and assembler of  the Ephedra, ephedrine alkaloids and/or other ingredients contained and/or used in the dietary supplement Metabolife 356.  Said ingredients were assembled by defendant Chemins per defendant Metabolife's direction and/or specifications;

39.     Enforma Natural Products, Inc. (hereinafter "Enforma"), a Delaware corporation doing business in the State of New York  and County of Queens with its principal place of business located at 15260 Ventura Boulevard, Suite 1240, Sherman Oaks, CA 91403, and which at all relevant times was the manufacturer,

7

marketer and/or seller of the Ephedra/Caffeine containing dietary supplements Extreme and Acceleron, which were developed, manufactured and transported to New York, and sold to residents of New York, in interstate commerce;

40.    Nature's Bounty, Inc. (hereinafter "Nature's Bounty"), a Delaware corporation doing business in the State of New York and County of Queens with its principal place of business located at 90 Orville Drive, Bohemia, NY 11716, and which at all relevant times was the manufacturer, marketer and/or seller of the Ephedra/Caffeine containing dietary supplement Metabosurge which was developed, manufactured and transported to New York, and sold to residents of New York, in interstate commerce;

41.    Telebrands Corporation (hereinafter "Telebrands"), a New Jersey corporation doing business in the State of New York and County of Queens with its principal place of business located at One Telebrands Plaza, 79 Two Bridges Road, Fairfield, NJ 07004, and which at all relevant times was the manufacturer, marketer and/or seller of the Ephedra/Caffeine containing dietary supplement Metabolize and Save which were developed, manufactured and transported to New York, and sold to residents of New York , in interstate commerce.

42.    TV Savings, LLC (hereinafter "TV Savings"), a New Jersey corporation doing business in the State of New York and County of Queens with its principal place of business located at One Telebrands Plaza, 79 Two Bridges Road, Fairfield, NJ 07004, and which at all relevant times was the manufacturer, marketer and/or seller of the Ephedra/Caffeine containing dietary supplement Metabolize and Save which were developed, manufactured and transported to New York, and sold to residents of New York , in interstate commerce.

43.    Defendants Metabolife, Chemins, Enforma, Nature's Bounty, Telebrands, and TV Savings shall hereinafter be collectively referred to as "defendants."

44.    At all times relevant and material hereto, the defendants listed above have conducted continuous and substantial business in the State of New York and the County of Queens.

45.    Plaintiff, Otto Loser, beginning in approximately January 2001 until approximately September 30,

8

2001 began to ingest the aforementioned Ephedra/Caffeine containing dietary supplements for weight loss.

46.    The aforementioned dietary supplements, of which Defendants, as a part of their business activity, were sellers, defined herein as the actual, apparent and/or ostensible manufacturers, suppliers, distributors, jobbers, assemblers, fabricators, sellers, wholesalers, proprietors, merchants, warrantors, brokers, promoters, designers, importers, trademark licensors, and/or otherwise having roles in the chain of distribution and in placing the dietary supplements into the stream of commerce.

47.    As a direct and proximate result of the liability-producing conduct of the defendants and the defective and unreasonably dangerous condition of their dietary supplements, for which condition defendants are jointly and severally liable, plaintiff has suffered physical injury and damage, suffered a large right hemispheric stroke on September 30, 2001 and has resulted in significant left spastic hemiparesis, which is believed to be permanent in nature.

48.    As a direct and proximate result of defendants' liability-producing conduct and defective products, plaintiff has in the past and will in the future experience physical injuries, pain and suffering, disfigurement, loss of enjoyment of life, lost wages, lost earning capacity, medical expenses, medical monitoring expenses, other incidental and consequential expenses, embarrassment and humiliation, fright and apprehension, and emotional distress, and extreme inconvenience, all of which are believed to be permanent.

### Allegations of Defect

49.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

50.    Defendants' Ephedra/Caffeine dietary supplements were defective and unreasonably dangerous because they:

        a.    had a propensity to cause ischemic and hemorrhagic strokes;

        b.    had a propensity to cause death or serious bodily injury;

9

        c.       contained dangerous ingredients, dangerous combinations of ingredients, dangerous amounts and/or potencies of ingredients and/or combinations thereof, and/or undisclosed ingredients;

        d.       lacked safe and proper dosage instructions;

        e.       lacked adequate warnings regarding all possible adverse side effects associated with use of the products;

        f.       was not safe in formula for their intended and foreseeable uses;

        g.       was not safe in design for their intended and foreseeable uses;

        h.       *was not safe in manufacture for their intended and foreseeable uses;*

        i.       did not affix adequate warnings and/or advisories to foreseeable users such as plaintiff of the risks and/or dangers of using "Metabolife 356;" "Extreme;" "Acceleron;" "Metabosurge;" and "Metabolize and Save; "

        j.       had a propensity to exacerbate and/or aggravate pre-existing hypertensive conditions; cardiac conditions; neurovascular and/or other health conditions;

        k.       were not subjected to reasonable pre-market and post-market tests, surveillance, inspections, and/or evaluations;

        l.       did not comply with standards, including but not limited to accepted industry standards, FDA recommendations, government regulations, statutes, and/or good manufacturing practice principles regarding the design, manufacture, drafting and/or affixing of warnings, and/or otherwise in the production and distribution of "Metabolife 356;" "Extreme;" "Acceleron;" "Metabosurge;" and "Metabolize and Save ".

        m.       was not the subject of safe and proper manufacturing processes;

        n.       was not constructed of proper ingredients;

        o.       lacked elements necessary to make it safe for their intended use;

p.     contained elements making it unsafe for their intended use;

q.     could reasonably have been made safer;

r.     was not efficacious for any intended or suggested use;

s.     failed to warn Plaintiff prior to actually encouraging the sale of "Metabolife 356;" "Extreme;" "Acceleron;" "Metabosurge;" and "Metabolize and $ave, " either directly or indirectly through third parties or related entities, about the following:

     i.     The need for comprehensive, regular medical monitoring to ensure early discovery of the potential side effects caused by this product;

     ii.     The need for regular medical monitoring that is different from the routine testing for patients seeking a weight loss program;

     iii.     The possibility of becoming ill, suffering arrhythmia, increased heart rate, increased blood pressure damage and in certain, extreme outcomes, death, stroke, or seizure as a result of use of the product and/or having to undergo medical treatment in order to correct or control side effects; and

     iv.     Side effects may become protracted, debilitating, difficult and painful, necessitating several visits to the doctor and/or hospital.

t.     failed to warn that the risks associated with these dietary supplements would exceed the risk of other comparable forms of treatment for obesity;

u.     negligently marketed these dietary supplements despite the fact that the risk of the products were so high and the benefits of the supplements were so speculative that no reasonable pharmaceutical company, exercising due care, would have done so;

v.     recklessly, falsely, and deceptively represented, or knowingly omitted, suppressed or concealed, material facts regarding the safety and efficacy of these dietary supplements to or

11

from the FDA and/or the FDA's advisory committee such that, had the FDA or its advisory committee members known of such facts, these dietary supplements would have never been able for Plaintiff to purchase;

   w. failed to comply with its post-manufacturing duty to warn which arose when they knew, or with reasonable care should have known, that these dietary supplements were being used without warning of the true risks of side effects.

   x. was otherwise defective and/or unreasonably dangerous;

### Count I: Negligence
### Otto Loser v. All Defendants

51. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

52. With regard to the averments of ¶ 43 above, defendants were negligent in knowing same, having reason to know same, should having known same, and/or otherwise being in possession of facts which would have caused a reasonable person to inquire and, with due diligence, discover same, but

   a. failing to use reasonable care to create a dietary supplements that was safe for its intended and foreseeable uses, not defective, and not unreasonably dangerous;

   b. failing to use reasonable care to manufacture a dietary supplement that was safe for its intended uses, not defective, and not unreasonably dangerous;

   c. failing to use reasonable care to adequately warn foreseeable users such as plaintiff of the dangers of using defendants' dietary supplements;

   d. failing to use reasonable care to make reasonable tests, inspections, and/or evaluations necessary to discover such defects and unreasonably dangerous conditions associated with defendants' dietary supplements;

   e. failing to use reasonable care to take corrective action, including but not limited to removing the dangerous and removable substances and making the dietary supplements safe for their intended

12

use;

f.      failing to comply with and/or to use reasonable care to comply with standards of care

established by accepted industry standards, FDA recommendations, government regulations, statutes,

in the design, manufacture, affixing of warnings, and otherwise production and distribution of

defendants' dietary supplements;

g.      failing to use reasonable care to remove and/or recall from the market, retrofit, and/or

otherwise prevent the continued contact of plaintiff and persons like plaintiff with such defects and

unreasonably dangerous conditions;

h.      failing to use reasonable care to investigate and/or use known and/or knowable reasonable

alternative designs, manufacturing processes, and/or materials;

i.      failing to use reasonable care to use safe manufacturing processes;

j.      failing to use reasonable care to warn foreseeable users and plaintiff of dangers known to

defendants to be associated with the dietary supplements;

k.      failing to use reasonable care to make defendants' dietary supplements safe;

l.      failing to use reasonable care to discover the dangerous condition or character of defendants'

dietary supplements;

m.      failing to ensure that their manufacturing facilities used reasonable care as set forth above in

the foregoing subparagraphs.

53.     As a direct and proximate result of defendants' negligence, plaintiff was harmed as aforesaid.

### Count II:  Restatement of Torts § 402A:  Strict Products Liability
### Otto Loser  v. All Defendants

54.     Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully

at length herein.

55.     At all times referred to herein defendants did, in fact, sell, distribute, market, design, manufacture,

13

assemble, and/or package the "Metabolife 356;" "Extreme;" "Acceleron;" "Metabosurge;" and "Metabolize and $ave " purchased and ingested by plaintiff.

56.     Defendants' "Metabolife 356;" "Extreme;" "Acceleron;" "Metabosurge;" and "Metabolize and $ave " were expected to reach, and did reach, the ultimate user or consumer without substantial change in the condition in which it was sold and/or otherwise distributed by defendants.

57.     The aforesaid "Metabolife 356;" "Extreme;" "Acceleron;" "Metabosurge;" and "Metabolize and $ave " were sold and/or otherwise distributed by defendants in a defective condition, rendering it unfit, unsuitable, unsafe, and unreasonably dangerous to consumers and users including the plaintiff herein.

58.     Plaintiff avers that defendants, by virtue of Section 402A of the Restatement of Torts, Second, are strictly liable for the aforesaid injuries and damages sustained by plaintiff.

### Count III:   Breach of the Implied Warranty of Merchantability
### Otto Loser  v. All Defendants

59.     Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

60.     Defendants' diet pills were not of merchantable quality and not fit for the ordinary purposes for which such products are used.

61.     As a direct and proximate result of defendants' defective and unreasonably dangerous products and breach of implied warranty, plaintiff was harmed as aforesaid.

### Count IV:  Breach of the Implied Warranty of Fitness for a Particular Purpose
### and  Merchantability
### Otto Loser  v. All Defendants

62.     Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully

14

at length herein.

63.    Defendants' dietary supplements were not fit for their particular purpose.

64.    Defendants actually and/or constructively knew of the purposes to which their dietary supplements were to be used.

65.    Plaintiff relied upon defendants to furnish suitable goods.

66.    As a direct and proximate result of defendants' defective and unreasonably dangerous products and breach of implied warranty, plaintiff was harmed as aforesaid.

## Count V:  Misrepresentation
### Otto Loser  v. All Defendants

67.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

68.    Defendants fraudulently, intentionally, wilfully and wantonly, purposefully, knowingly, recklessly, negligently and/or in fact materially misrepresented that their dietary supplements were of good quality, non-defective, safe for their intended uses, merchantable, and fit for their particular purposes.

69.    Defendants intended, knew, or should have known that plaintiff would be induced, by the aforesaid misrepresentations, to use defendants dietary supplements.

70.    In using defendants' products, plaintiff justifiably relied on defendants' representations that their dietary supplements were of good quality, non-defective, safe for their intended uses, merchantable, and fit for their particular purposes.

71.    Defendants' dietary supplements were, in fact, defective and unreasonably dangerous, as recited above.

15

72.     As a direct and proximate result of defendants' defective and unreasonably dangerous products and misrepresentations, plaintiff was harmed as aforesaid.

### Count VI:  Fraudulent Concealment
### Otto Loser  v. All Defendants

73.     Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

74.     At all times relevant and material hereto, the defendants, jointly and severally, assisted and encouraged the distribution and sale of the defendants' dietary supplements without adequate warnings, other safety precautions, or changes in design, by participating in and using industry-wide and -supported and/or parallel product research and development, and exchanging information, marketing, advertising, promotion and/or other similar endeavors, all of which such effort inured to the joint and mutual benefit of all such defendants in the wide and continued distribution, sale, and use of defendants' dietary supplements.

75.     The defendants knew through substantial medical and scientific data that their products were, or were likely to become, hazardous to the life, health and safety of a person in the position of plaintiff herein, who was repeatedly exposed to their products.

76.     Nevertheless, prompted by pecuniary motives, each of the defendants, jointly and severally, failed and intentionally refused to act upon the medical and scientific data, warn users of the risks of their products, and to take such other reasonable precautions necessary to decrease the dangers and potential lethal and dangerous characteristics of their dietary supplements upon the plaintiff.

77.     Each of the defendants, jointly and severally, in wanton and reckless disregard for human life and health, deliberately, intentionally, and purposefully withheld and concealed the aforementioned medical and scientific information from users of their products, including the plaintiff herein.

16

78.     Plaintiff, unaware of the dangers to life and health resulting from exposure to defendants' dietary supplements and not possessing the degree of technical knowledge and expertise of the defendants concerning diet pills and their use, continued to consume their products and was deprived by the above described acts and omissions of defendants of the free and informed opportunity to remove himself form exposure to defendants' dietary supplements and otherwise to protect himself from exposure thereto.

79.     As a direct and proximate result of defendants' fraudulent conduct and concealment, as set forth above, the plaintiff was injured and damaged as aforesaid.

### Count VII:  Punitive Damages
### Otto Loser  v. All Defendants

80.     Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

81.     Defendants knew of facts that created a high degree of risk of physical harm to plaintiff presented by their liability-producing conduct and their defective and unreasonably dangerous product, and defendants deliberately proceeded to act in conscious disregard and/or indifference to that risk.

### Count VIII:  Loss of Consortium
### Nina Loser v. All Defendants

82.     Plaintiff-spouse is the lawful spouse of plaintiff, and, by this Count, brings a claim for loss of consortium.

83.     As a result of the injuries sustained to his spouse as aforesaid, plaintiff-spouse has suffered the loss of the usual services, society, and consortium of plaintiff, and spouse has been required to provide special services and care to him.

17

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief as follows:

a.     Awarding actual and compensatory damages to Plaintiffs OTTO LOSER and

NINA LOSER incidental to OTTO LOSER'S purchase and ingestion of

Defendants' Ephedra products in an amount to be determined at trial;

b.     Awarding punitive damages to Plaintiff;

c.     Awarding pre-judgment and post-judgment interest to Plaintiffs;

d.     Awarding the costs and expenses of this litigation to Plaintiffs;

e.     Awarding reasonable attorneys' fees and costs to Plaintiffs as provided by law;

and

f.     For such further relief as this Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable in this civil action.

Dated:  July 29, 2004.

Christopher A. Seeger
David R. Buchanan
SEEGER WEISS LLP
550 Broad Street
Newark, New Jersey 07102-4573
Tel: (973) 639-9100
Fax: (973) 639-9393

Leonard V. Fodera
Allison Long
MONHEIT, SILVERMAN & FODERA, P.C.
1835 Market Street, Suite 2600
Philadelphia, PA 19103

18

(215) 561-2100
**Attorneys for Plaintiffs**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------- X
OTTO LOSER and NINA LOSER,                          Index No. 17279/04

                              Plaintiffs,           **SUBSTITUTION OF**
          -against-                                 **COUNSEL**

METABOLIFE INTERNATIONAL, INC.; THE
CHEMINS COMPANY, INC.; ENFORMA
NATURAL PRODUCTS, INC.; NATURE'S
BOUNTY, INC.; TELEBRANDS
CORPORATION; and TV SAVINGS, LLC,

                              Defendants.
------------------------------------------------------------- X


          It is hereby stipulated and agreed and consented to by and between the undersigned that

Mound Cotton Wollan & Greengrass, One Battery Park Plaza, New York, New York 10004 is

substituted in place and stead of Wilbraham, Lawler & Buba, P.C., 140 Broadway, 46th Floor,

New York, New York 10005 as counsel for defendant The Chemins Company, Inc. in the above

matter.

Dated: November 16, 2004


~~*signature*~~
**THE CHEMINS COMPANY, INC.**


Sworn to before me this
16th day of November 2004

~~*signature*~~
    Notary Public

My commission expires 3-6-2007


73164.1                                          1

Original

1   WILLIAM M. LOW, ESQ. (Bar No. 106669)
    CYRUS L. TORABI, ESQ. (Bar No. 222759)
2   HIGGS, FLETCHER & MACK LLP
    401 West "A" Street, Suite 2600
3   San Diego, CA 92101-7913
    TEL:   619.236.1551
4   FAX:  619.696.1410

5   Attorneys for Defendant
    MII LIQUIDATION, INC. fka METABOLIFE
6   INTERNATIONAL, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  OTTO LOSER and NINA LOSER,          CASE NO. '06 CV 0591 BTM      JMA

12                    Plaintiff,        PROOF OF SERVICE

13  v.

14  MII LIQUIDATION, INC. fka
    METABOLIFE INTERNATIONAL, INC.;
15  THE CHEMINS COMPANY, INC.;
    ENFORMA NATURAL PRODUCTS, INC.;
16  NATURE'S BOUNTY, INC.;
    TELEBRANDS CORPORATION; and TV
17  SAVINGS, LLC,

18                    Defendants.

19

20         I, TERESA KARAS, declare:

21         I am a resident of the State of California and over the age of eighteen years, and not a
    party to the within-entitled action; my business address is 401 West "A" Street, Suite 2600, San
22  Diego, California 92101-7913. On March 17, 2006, I served the within documents, with all
    exhibits (if any):

23  **NOTICE OF TRANSFER TO UNITED STATES DISTRICT COURT FOR THE
    SOUTHERN DISTRICT OF CALIFORNIA**
24
    **NOTICE OF PARTIES WITH FINANCIAL INTEREST**
25
    **NOTICE OF ORDERS TRANSFERRING ACTIONS TO UNITED STATES DISTRICT
26  COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

27  **ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR
    THE SOUTHERN DISTRICT OF CALIFORNIA**
28

HIGGS, FLETCHER     726980.17
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO                                                              PROOF OF SERVICE

1

2

3

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. A copy of the transmission report issued by the transmitting facsimile machine is attached hereto.

4

5

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

6

7

8

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery. A true and correct copy of the airbill is attached hereto.

9

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

10

☒    by electronic mail.

11

**BY MAIL**

12

13

**Attorneys for Plaintiff**

Christopher A. Seeger, Esq.
Seeger Weiss LLP
550 Broad Street
Newark, NJ 07102-4573

14

15

16

17

Leonard V. Fodera, Esq.
Monheit, Silverman & Fodera, P.C.
1835 Market Street #2600
Philadelphia, PA 19103

18

19

20

TV Savings, LLC
One Telebrands Plaza
79 Two Bridges Road
Fairfield, NJ 07004

21

22

23

Nature's Bounty, Inc.
90 Orville Drive
Bohemia, NY 11716

24

25

Lisa King Ackley, Esq.
Walsworth Franklin Bevins & McCall
LLP
One City Blvd. West, Fifth Floor
Orange, CA 92868

26

27

28

**Attorneys for Defendants**

Lewis, Brisbois, Bisgaard & Smith
LLP
Attn: Bob Smith, Esq.
550 West 'C' Street # 800
San Diego, CA 92101-3540

Mound Cotton Wollon &
Greengrass
One Battery Park Plaza
New York, NY 10004

Telebrands Corporation
One Telebrands Plaza
79 Two Bridges Road
Fairfield, NJ 07004

Enforma Natural Products, Inc.
15260 Ventura Blvd. #1250
Sherman Oaks, CA 91403

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

726980.17

2

PROOF OF SERVICE

1

**BY ELECTRONIC MAIL**

2

| | |
|---|---|
| Steven Skikos, Esq.<br>Lopez, Hodes, Restaino, Milman & Skikos<br>625 Market Street, 11th Floor<br>San Francisco, CA 94105<br>sskikos@lopez-hodes.com | Gayle M. Blatt, Esq.<br>Herman, Mathis, Casey, Kitchens & Gerel LLP<br>110 Laurel Street<br>San Diego, CA 92101<br>gmb@cglaw.com |
| James P. Frantz, Esq.<br>Frantz, Townsend & Foldenauer, LLP<br>600 W. Broadway #1200<br>San Diego, CA 92101<br>jpf@ftflaw.com | R. Craig Clark, Esq.<br>Clark & Associates<br>401 West 'A' Street #2200<br>San Diego, CA 92101<br>cclark@clarklawyers.com |
| Anne Andrews, Esq.<br>Andrews & Thornton<br>820 N. Parton Street, 2nd Floor<br>Santa Ana, CA 92701<br>aa@andrewsthornton.com | David Ronquillo, Esq.<br>Ronquillo & Corrales, LLP<br>3033 Fifth Avenue #425<br>San Diego, CA 92101<br>ronquillolaw@aol.com |
| William Audet, Esq.<br>Alexander, Hawes & Audet, LLP<br>152 N. Third Street #600<br>San Jose, CA 95112<br>waudet@alexanderlaw.com | Thomas Tosdal, Esq.<br>Tosdal, Smith, Steiner & Wax<br>600 B Street #2100<br>San Diego, CA 92101<br>ttosdal@tosdalsmith.com |
| Allen Matkins<br>Attn: Christin A. Batt, Esq.<br>501 West Broadway, 15th Floor<br>San Diego, CA 92101-3541<br>cbatt@allenmatkins.com | |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

19          I am readily familiar with the firm's practice of collection and processing correspondence
20   for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
     day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
21   motion of the party served, service is presumed invalid if postal cancellation date or postage
     meter date is more than one day after date of deposit for mailing in affidavit.
22
             I declare under penalty of perjury under the laws of the State of California that the above
23   is true and correct.
24          Executed on March **17**, 2006 at San Diego, California.
25
26

TERESA KARAS

27
28

HIGGS, FLETCHER<br>& MACK LLP<br>ATTORNEYS AT LAW<br>SAN DIEGO

726980.17                                   3

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

March 20, 2006

WILLIAM M. LOW, ESQ.              CHRISTOPHER A. SEEGER
HIGGS FLETCHER AND MACK          SEEGER WEISS LLP
401 WEST "A" STREET STE. 2600    550 BROAD STREET
SAN DIEGO, CA 92101              NEWARK, NJ 07102-4573

RE:                  LOSER V. MII LIQUIDATION
Bankruptcy Case Number:   05-6040-H11
BAP Case Number:          05-90378-JH

You are hereby notified that the above entitled case was on 3/17/06 transferred from the US BANKRUPTCY COURT/CA to the U.S. District Court, Southern District of California.  The case will now contain the case number of the Southern District, and the initial of the assigned Judge.  The case has been assigned to the Honorable BARRY TED MOSKOWITZ, and on all future filings please show the case number as **06CV591BTM(JMA).**

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

K. Ridgeway

By: _____
      K. Ridgeway, Deputy Clerk

cc: Bankruptcy Court

JS 44
(Rev. 07/89)

**CIVIL COVER SHEET**   Original

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
Otto Loser and Nina Loser

**DEFENDANTS**
MII Liquidation fka Metabolife International, Inc.; the Chemins Company, Inc.; Enforma Natural Products, Inc.; Nature's Bounty, Inc.; Telebrands Corporation; and TV Savings, LLC

FILED

06 MAR 17 PM 3:28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

06CV 0591 BTM    JMA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  United States
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  United States
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christopher A. Seeger, Esq.
Seeger Weiss LLP
550 Broad Street
Newark, NJ 07102-4573
(973) 639-1551

ATTORNEYS (IF KNOWN)
William M. Low, Esq.
Higgs, Fletcher & Mack LLP
401 West 'A' Street #2600
San Diego, CA 92101
(619) 236-1551

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR
(For Diversity Cases Only)                    PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)    28 U.S.C. Sec. 157(b)(5).  Claims against
bankrupt entity for personal injury and damages relating to ingestion of ephedra;
action has been transferred to this Court by Order of this Court  28:01570 KRK

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 382 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☒ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removal from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☒ 5 Transferred from another district (specify) Supreme Ct. NY, Queens Cnty | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ $25,000.00   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE Hon. Barry Ted Moskowitz   Docket Number 02-01671

DATE
March 16, 2006

SIGNATURE OF ATTORNEY OF RECORD
_____   Cyrus L. Torabi

#122720   250 - MS

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)